## 48841. GARVIN v. LOVETT.

DEEN, Judge.

1. (a) The right of action of a husband for the tortious homicide of the wife under Code § 105-1306 accrues at the time of the death of the wife from the injuries inflicted by the defendant. "The right which the statute gives. . . can not exist until [s]he is actually dead." *Western & A. R. Co. v. Bass,* 104 Ga. 390 (30 SE 874). "The

gist of the action is not the injury suffered by the deceased, but the injuries suffered by the beneficiaries." *Thompson v. Watson,* 186 Ga. 396, 404 (197 SE 774). It follows that the plaintiff, who married the decedent after she suffered fatal injuries at the hands of the defendant and prior to her death, was entitled to maintain an action for the full value of her life.

(b) This comports with the general law relating to wrongful death. Since the right of action is determined by law, nothing not so stated in the statute should be a condition precedent to the right of action. Glasgow v. City of St. Joseph, 353 Mo. 740 (184 SW2d 412). The existence of beneficiaries can be determined only as of the time of death. 25A CJS 648, Death, § 33 (2). This text also states (p. 657) that "it is immaterial that one claiming as a wife or widow was not married to deceased until after the injury from which the death resulted." See also 22 AmJur2d 642, Death, § 49; Radley v. Leray Paper Co., 108 N. E. 86.

2. It is not true that this decision would under any circumstances permit a double recovery. Code Ann. § 105-1309 provides that the administrator or executor of the decedent may sue for the full value of the decedent's life, for the benefit of the next of kin, only where there is no other person entitled to sue. Nor is the decision to be controlled by such cases as *Georgia N. R. Co. v. Sharp,* 19 Ga. App. 503 (91 SE 1045); *Wrightsville &c. R. Co. v. Vaughan,* 9 Ga. App. 371 (71 SE 691) and like instances. Where the plaintiff marries, he takes the spouse in her condition at the time of the marriage, and is entitled to no action for loss of services or diminution of earnings due to a pre-existing condition. Nor is the situation the same as where the injured party, prior to demise, executes a release (*Southern Bell Tel. & Co. v. Cassin,* 111 Ga. 575 (36 SE 881); *Morton v. Ga. R. & Elec. Co.,* 145 Ga. 516 (1) (89 SE 488)), or receives a settlement; in such a case the entire cause of action is wiped out and nothing remains to which the spouse's death action can attach.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Hall, P. J., and Stolz, J., concur.*

ARGUED JANUARY 15, 1974 — DECIDED FEBRUARY 5, 1974 —
REHEARING DENIED FEBRUARY 21, 1974 —

*Richard A. Rice,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Robert Travis, John A. Sherrill,* for appellee.