## 43420. MACK v. MOORE.
(345 SE2d 338)

CLARKE, Presiding Justice.

Nickola Mack brought this wrongful death action against Sidney Moore for the death of her father Eric Harris. Zenovia Harris, the surviving spouse of the deceased, brought this motion to intervene and to dismiss. Finding that Nickola had no standing to bring the action because Georgia law confers standing to bring a wrongful death action only upon the surviving spouse if there be a surviving spouse, the court allowed the intervention of Zenovia Harris and granted the motion to dismiss. Nickola appeals, asserting as error the court's holding that the statute in question, OCGA § 51-4-2, confers exclusive standing on surviving spouses and in not holding that statute unconstitutional. Her argument is that because the statute confers exclusive standing upon surviving spouses it denies equal protection to children of deceased parents.

The 1985 amendment to OCGA § 51-4-2 and the legislature's repeal of OCGA § 51-4-3 corrected the constitutional infirmity which caused this court to strike down § 51-4-2 in *Tolbert v. Murrell*, 253 Ga. 566 (322 SE2d 487) (1984). The unconstitutional infirmity lay in the provision that children of deceased mothers, whose rights were governed by OCGA § 51-4-3, were given greater rights to pursue actions for the wrongful death of their mothers than were children of deceased fathers, whose rights were governed by OCGA § 51-4-2. The unconstitutionality stemmed from the disparate treatment of different classes of children. Appellant argues that amended OCGA § 51-4-2, which treats all children equally, is unconstitutional because it treats children differently from surviving spouses.

There is no denial of equal protection in the statute's giving greater rights to surviving spouses than to children to sue for wrongful death. There is a rational basis for the differentiation in the need to designate a representative of the beneficiaries of any recovery, which the statute provides shall be distributed between the surviving spouse and the children. OCGA § 51-4-2 (d).

Ms. Mack argues that the statutory authority of the surviving spouse creates a basic unfairness because the children of the deceased are at the mercy of the spouse. She contends that the surviving spouse could settle the claim unreasonably or even refuse to assert a claim at all thereby precluding any benefits to the children. We do not share this view. Although the statute confers exclusive standing upon the surviving spouse, it does not vest in the spouse all of the rights to the claim. The spouse is required to share the proceeds with the children. This means the spouse acts not solely as an independent party but rather as an individual and as the representative of the children. A duty is owed to the children and part of that duty is to act

prudently in asserting, prosecuting and settling the claim. The failure to do this could subject the spouse to liability for breach of duty as a representative. We disapprove the holding in the line of cases represented by *Bloodworth v. Jones*, 191 Ga. 193 (11 SE2d 658) (1940), to the extent that they conflict with this holding.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs specially.*

GREGORY, Justice, concurring specially.

I concur in the judgment of the court but not in all that is written in the majority opinion.

The right to recover for the wrongful death of a spouse is placed in the surviving spouse by OCGA § 51-4-2 (a). I believe this gives to the surviving spouse the right to decide whether a claim for wrongful death will be pursued. In a case where such a claim might clearly exist the surviving spouse may none-the-less decline to pursue it in order to avoid the emotional strain such a pursuit would generate in the wake of the death. Or, there might be other reasons. If this choice is made there is no remedy under the statute for the children of the decedent. Thus, I cannot agree that "[the statute] does not vest in the spouse all of the rights to the claim." I believe it does just exactly that. What the children have is a right to a share in the recovery, if there is a recovery. The claim belongs to the surviving spouse; the recovery belongs to the surviving spouse and the children. I find it unnecessary to disapprove the holding of *Bloodworth v. Jones*, 191 Ga. 193 (11 SE2d 658) (1940) because I think it correctly interprets the statute.

DECIDED JULY 3, 1986.

*Irwin M. Ellerin*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Eugene P. Chambers, Jr., Simmons, Warren & Szczecko, Joseph Szczecko, Marc Astore*, for appellee.