43854. O'KELLEY et al. v. HOSPITAL AUTHORITY OF GWINNETT COUNTY et al.

(349 SE2d 382)

Smith, Justice.

The Fulton County Superior Court granted the appellees motion for summary judgment. The appellants, children of William O'Kelley, assert that the trial court's grant of the appellees' motion denied them due process. We affirm.

William O'Kelley was severely burned in a car wreck in Gwinnett County. He was further injured when the helicopter ambulance intended to take him to a burn clinic in Augusta, Georgia crashed. He died six days later in Grady Hospital.

O'Kelley's third wife, Daisy O'Kelley, has not pursued a wrongful death action for O'Kelley's death. His children from his first and second marriages sued the appellees, various parties connected with the events surrounding O'Kelley's death, under OCGA § 51-4-2, for O'Kelley's wrongful death. The Fulton County Superior Court granted the appellees' motion for summary judgment on the grounds that the cause of action for O'Kelley's wrongful death vested, under OCGA § 51-4-2, in Daisy O'Kelley rather than in O'Kelley's children.

The appellants contend that they possess a property right in the action for their father's wrongful death. They further assert that OCGA § 51-4-2, in granting Daisy O'Kelley the exclusive right to initiate that action, denies them an effective procedure through which they might vindicate their right. We find that *Mack v. Moore*, 256 Ga. 138 (345 SE2d 338) (1986) controls this case adversely to the appel-

lants.

In *Mack*, supra, we acknowledged that one spouse in a wrongful death action for the death of the other spouse acts both as an individual and as a representative of any children of the deceased spouse. We then held that the surviving spouse owes a duty to the children to prudently assert, prosecute, or settle the wrongful death claim. Finally, we stated that, "[t]he failure to do this could subject the spouse to liability for breach of duty as a representative." *Mack*, supra at 139.

This holding adequately protects any property interest that children might have in an action for a parent's wrongful death. The legislature has created a procedure intended to enable children to share in any proceeds of such an action. It has not created a procedure whereby they might share in control of such an action. We find the legislature's handling of this delicate and emotional area of the law constitutionally adequate.

*Judgment affirmed. All the Justices concur except Gregory, J., who concurs in the judgment only; and Weltner and Bell, JJ., who concur specially.*

WELTNER, Justice, concurring specially.

It is certainly true, as the majority opinion observes, that OCGA § 51-4-2 vests the cause of action (as opposed to the right to participate in its proceeds) in a surviving spouse. That, however, cannot serve to oust a superior court of its general equitable powers to supervise litigation pending before it in such a manner as fairly shall protect the substantive *and* procedural rights of any party at interest.

It is not difficult to suppose a situation where a surviving spouse simply might refuse to initiate litigation, which would result in the bar of the statute of limitations to any participation by surviving children. Nor is it any exercise in the imagination to suggest that bad blood between step-children and step-parent might continue beyond death, so that the desires of one might be in irresolvable opposition to the interests of another.

The residuum of supervisory powers of a court of equity alone, I suggest, can provide for the protection of all parties' rights in a difficult situation — as exemplified by this very case. I would favor a rule which would recognize the availability of equitable protection upon application to a superior court.

I am authorized to state that Justice Bell joins in this special concurrence.

DECIDED OCTOBER 29, 1986.

*Cheeley & Chandler, Robert D. Cheeley, James E. Butler, Jr., Albert M. Pearson III,* for appellants.

*Webb, Fowler & Tanner, J. Michael McGarity, Long, Weinberg, Ansley & Wheeler, Meade Burns, Swift, Currie, McGhee & Hiers, Michael H. Schroder, Lokey & Bowden, Glenn Frick,* for appellees.