### 76995. MORRIS v. CLARK et al.
(375 SE2d 616)

BEASLEY, Judge.

This is a peculiar appeal because of the status of the appellant. He appeals from an order approving a settlement agreement in a wrongful death suit in which he is not a plaintiff or a defendant. Morris is the father of Brian, a minor, and as such filed an appearance in the case as Brian's next friend and guardian of his person and property.

Following Brian's parents' divorce, Brian's mother married Clark. The son and mother were passengers in Clark's automobile when it collided with an automobile driven by Brooks. The mother was killed and Brian was injured. Mr. Morris, individually and on behalf of his son, sued Clark and Brooks for the son's personal injuries and related costs, alleging that defendants' combined negligence caused his son's injuries.

While the action was pending, Clark sued Brooks in another county for the wrongful death of his wife plus damages for his own personal injuries and loss of consortium. Clark and Brooks, covered

by the same insurer, reached a settlement. Clark filed a motion seeking court approval of the settlement, noting that Morris had filed an appearance. The agreement proposed to settle all issues on the wrongful death action for a total of $49,500 representing $14,500 of Brooks' $15,000 single-event liability coverage and Clark's $35,000 uninsured motorist coverage, plus $500 to settle all issues in Clark's claim for personal injuries.

Morris objected to the language and effect of the proposed order. The court held an evidentiary hearing on the motion for approval of the settlement. The parties were present, as well as Morris. No transcript was filed, with one of the results being that we do not know whether the court permitted Morris to participate in the hearing, although it appears that he may have.

The court, in the order appealed from, recited certain facts and conclusions, noted the appearance of Morris as Brian's guardian, approved the settlement "as being in the best interest of all parties, including the minor," and directed plaintiff Clark to execute a release to Brooks and dismiss the action on payment of the insurance proceeds.

Thereafter, but before filing the notice of appeal, Morris filed a motion to intervene as a plaintiff under OCGA § 9-11-24 and a proposed cross-claim setting out solely a wrongful death claim against Clark. A few minutes before filing the notice of appeal in the thirtieth day, he filed a motion to set aside or vacate the order. The record contains no ruling on either motion. In any event, these after-notice filings do not affect the order appealed from, which was final.

Because the court's order indicates that the court considered Morris a party in some respect, we will consider his appeal.

1. Appellant contends that the approval order is void on its face and therefore should be set aside because the issuing senior judge was without authority to serve on the date he signed the order. The order was entered on a subsequent date. Morris points to an order entered by the chief judge of the circuit authorizing the senior judge "to preside" on four specific days prior to the date the senior judge signed the order. The chief judge's order does not state that the senior judge shall "serve" only on those dates. Thus it does not establish that he was without authority to sign the order to conclude the matter he earlier presided over.

We start with "a presumption, in the absence of a showing to the contrary, that a public official, including a trial judge, performed faithfully and lawfully the duties devolving upon him by law. [Cit.]" *Curry v. State*, 148 Ga. App. 59 (251 SE2d 86) (1978).

With that in mind, we look at the particular law involved. Even though the designated judge was not specifically authorized to hold court in that circuit on the date he signed the order, we know of no

requirement in the law that a senior judge must render a decision on a day he is authorized to preside. It is not found in USCR 18 or OCGA § 47-8-64 or OCGA § 15-1-9.1, which govern the service of senior judges pursuant to Ga. Const. 1983, Art. VI, Sec. I, Par. III and Sec. IX, Par. I. Both statutes give the senior judge the same powers and authority as judges of the court in which he is presiding. The requirement which appellant urges would effectively prevent those judges from taking cases under advisement.

Moreover, the court expressly stated that the written order was in accord with its oral pronouncement made at the hearing; appellant shows no harm from the fact that memorialization did not occur until a few weeks later. *Barnes v. Cornett*, 134 Ga. App. 120, 122 (5) (213 SE2d 703) (1975).

2. Morris further contends that the court did not have authority or subject matter jurisdiction to approve the settlement and thereby determine questions concerning what is in the best interests of Brian, or to direct Clark to execute a release to Brooks on behalf of the deceased's son. He maintains that only the probate court or its delegate is empowered to determine the best interests of the minor. He also argues that once Clark moved the court to settle Clark's portion of the wrongful death claim, it was required to secure the approval of the child's guardian if the settlement was to affect the son and his rights.

Morris misperceives the entitlements of the surviving spouse and the surviving child respectively. The case is governed by OCGA § 51-4-2 and the cases of *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373 (349 SE2d 382) (1986), and *Mack v. Moore*, 256 Ga. 138 (345 SE2d 338) (1986).

The legislature created a cause of action for wrongful death and delineated those entitled to bring it. Clark, and only Clark because he was the surviving spouse, had the right of action. OCGA § 51-4-2 (a). Brian has a right to share in any amount recovered. OCGA § 51-4-2 (d) (1). As the surviving spouse, and thus the only possible plaintiff here, Clark was expressly authorized by the statute to "release the alleged wrongdoer without the concurrence of the child or children or any representative thereof and without any order of court, provided that such spouse shall hold the consideration for such release subject to subsection (d) . . . ." OCGA § 51-4-2 (c).

In *O'Kelley*, supra at 374, the Supreme Court summarized its holding in *Mack*, supra. "[W]e acknowledged," it said, "that one spouse in a wrongful death action for the death of the other spouse acts both as an individual and as a representative of any children of the deceased spouse. We then held that the surviving spouse owes a duty to the children to prudently assert, prosecute, or settle the wrongful death claim. Finally, we stated that, '(t)he failure to do this

could subject the spouse to liability for breach of duty as a representative.' [Cit.]"

Thus, in the wrongful death action, *Clark* was representing Brian's property interest in the recovery. Morris could not do so, under the statutory scheme. We recognize that there may be a conflict of interest, as here, where the child contends that Clark was at least contributorily negligent and that the amount of recovery is affected thereby so as to reduce the non-tortious child's share. However, the legislature "has not created a procedure whereby [children] might share in control of" a wrongful death action brought by the spouse. Id.

That is not to say that the child has no recourse. The Supreme Court, in the cases cited, has interpreted the wrongful death statute as creating a separate cause of action in the child for breach of the spouse's duty as representative. Although an assertion of that claim may be what Morris was aiming at, he did not seek to intervene under OCGA § 9-11-24 before the final order. By saying this, we do not suggest that injection of this collateral claim can be, or should be, permitted in the wrongful death action.

The point is that it was not done. Morris' motion to intervene was subsequent to the order. Even if it had been made and granted earlier, the proposed cross-claim states only a wrongful death claim based on Clark's and Brooks' joint negligence in the collision. It does not state a claim for breach of Clark's duty as representative. Thus the issues which would be related to the latter claim were not before the court and its rulings in that regard were gratuitous.

3. Since Morris was not, and could not be by law, a party to the wrongful death suit, the court did not err in approving the settlement without determining the full value of the mother's life or the percentage of Clark's alleged contributory negligence. This enumeration also fails.

4. Morris contends that the court erred in failing to serve his counsel with notice or a copy of the final order. He relies on OCGA § 15-6-21 (c), which casts upon the judge a duty, when he has decided a motion, to file his decision and notify the attorney or attorneys of the losing party of it. Among the reasons this does not win reversal are the following.

(a) Even if Morris, representing his son, were a party by virtue of his appearance and apparent limited participation, he was not a *losing* party within the meaning of the statute. The settlement in plaintiff's favor would by law be shared in by Morris' son.

(b) Even if it was error for the court not to promptly notify Morris' counsel of the decision, he was not shown any resultant prejudice. Without harm, there can be no reversible error. *Baldwin v. Walker*, 143 Ga. App. 382, 384 (2) (238 SE2d 695) (1977).

5. Appellee Clark moves for imposition of ten percent damages pursuant to OCGA § 5-6-6 against appellant for bringing a frivolous appeal. "[C]onsideration of the whole case does not lead us to the conclusion that it was appealed for delay only. [Cit.]" *Glenridge Unit Owners Assn. v. Felton,* 183 Ga. App. 858, 862 (12) (360 SE3d 418) (1987). As in that case, the motion is denied.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 26, 1988 —
REHEARING DENIED NOVEMBER 10, 1988 — 

*Walter H. Beckham III, Mark S. Izenson,* for appellant.

*Bischoff & White, James A. White, Jr., Divine, Wilkin, Deriso, Raulerson & Fields, R. Kelly Raulerson,* for appellees.