S91A0077. BROWN et al. v. LIBERTY OIL & REFINING CORPORATION et al.
(403 SE2d 806)

WELTNER, Justice.

This case involves the Georgia wrongful death statute, OCGA § 51-4-2 (a), which provides:

> The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence.

The claimants are the minor children of Vicky Brown, who was killed in a collision between her automobile and a truck operated by an employee of Liberty Oil & Refining Corporation. She left a surviving spouse, Anthony Wayne Brown. According to the minor children, Anthony Wayne Brown has abandoned them; cannot be located; and would not, in any event, pursue the claim for wrongful death. The trial court dismissed the children's complaint for failure to state a claim, relying upon *Mack v. Moore,* 256 Ga. 138 (345 SE2d 338) (1986), and *O'Kelley v. Hosp. Auth. of Gwinnett County,* 256 Ga. 373 (349 SE2d 382) (1986).

1. (a) In *Mack,* supra, we interpreted OCGA § 51-4-2 to hold:

> There is no denial of equal protection in the statute's giving greater rights to surviving spouses than to children to sue for wrongful death. There is a rational basis for the differentiation in the need to designate a representative of the benefi-

ciaries of any recovery, which the statute provides shall be distributed between the surviving spouse and the children . . . . Although the statute confers exclusive standing upon the surviving spouse, it does not vest in the spouse all of the rights to the claim. The spouse is required to share the proceeds with the children. . . . A duty is owed to the children and part of that duty is to act prudently in asserting, prosecuting and settling the claim. The failure to do this could subject the spouse to liability for breach of duty as a representative. [Id. at 138, 139.]

(b) In *O'Kelley*, supra, we held that OCGA § 51-4-2 does not deny to minor children an effective procedure to protect their rights in an action for a parent's wrongful death.

We reiterated the holding in *Mack*, supra, and stated:

This holding adequately protects any property interest that children might have in an action for a parent's wrongful death. The legislature has created a procedure intended to enable children to share in any proceeds of such an action. It has not created a procedure whereby they might share in control of such an action. We find the legislature's handling of this delicate and emotional area of the law constitutionally adequate. [Id. at 374.]

2. (a) The minor children assert that it is within the equity powers of the superior court to permit the prosecution of their claim in order to protect their interests when the surviving spouse refuses to do so. They cite the following authorities:
(i) OCGA § 23-1-3, which provides:

Equity jurisdiction is established and allowed for the protection and relief of parties where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done.

(ii) OCGA § 23-4-20, which provides:

Any person who may not bring an action at law may complain in equity and every person who is remediless elsewhere may claim the protection and assistance of equity to enforce any right recognized by the law.

(b) Our Constitution vests general equitable powers in the supe-

rior court.[1] We hold that the factual circumstances of this case demand the exercise of those powers to preserve the rights of the minor children. The trial court should have allowed these minors, who have *no* remedy at law, to maintain an action for the wrongful death of their mother. Any contrary holding in *Mack*, supra, and in *O'Kelley*, supra, is overruled.

*Judgment reversed. All the Justices concur, except Hunt, Benham and Fletcher, JJ., who concur in the judgment only.*

HUNT, Justice, concurring.

Although I am now a subscriber to Justice Gregory's special concurrence in *Mack v. Moore,* 256 Ga. 138 (345 SE2d 338) (1986), I will join in the judgment line because of the facts of this case. That judgment applies to these particular facts this equation from the common law tradition: law plus equity equals justice or, stated another way, law minus equity may equal injustice.

The surviving spouse who has abandoned his children should have no greater right to defeat their potential entitlement than were he dead. And I am satisfied for the powers of equity to provide the appropriate remedy. On the other hand, I am yet unwilling to adopt the implication that this remedy is available to minor children in all events. Where the surviving spouse has, for example, maintained the appropriate parental relationship, the vesting of the wrongful death claim in him or her includes the authority to pursue it or not.

In a case where such a claim might clearly exist the surviving spouse may none-the-less decline to pursue it in order to avoid the emotional strain such a pursuit would generate in the wake of the death. Or, there might be other reasons.

*Mack*, supra, Gregory, Justice, concurring specially.

To the extent the majority holding suggests otherwise, I would disagree with it.

I am authorized to state that Justice Benham and Justice Fletcher join in this concurrence.

---

[1] The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; in divorce cases; and in equity cases. . . . [Constitution of Georgia of 1983, Art. VI, Sec. IV, Par. I.]

See also *Allen v. Allen*, 260 Ga. 777, n. 2 (400 SE2d 15) (1991) (when the legislature conferred equity powers upon superior courts in 1799, it adopted the whole system of English jurisprudence, common law, and chancery).

*Taylor & Harp, J. Sherrod Taylor, Jefferson C. Callier,* for appellants.

*Young, Young & Clyatt, F. Thomas Young, James B. Thagard,* for appellees.