### A92A1874. MATTHEWS v. DOUBERLEY.
(428 SE2d 588)

McMURRAY, Presiding Judge.

Georgia's wrongful death statute was first enacted in 1850. Over the years, it has undergone several changes. At one time, the wrongful death law gave a widow the right to file suit alone; but it required a widower to file suit jointly with the children. See former Ga. Code Ann. § 105-1302. Because of the constitutional infirmities inherent in such a scheme, *Tolbert v. Murrell,* 253 Ga. 566 (322 SE2d 487), the legislature amended the statute in 1985.

The 1985 amendment provides that the surviving spouse alone has standing to bring a wrongful death action; it also provides that the surviving spouse is accountable to the decedent's children for any damages recovered. OCGA § 51-4-2. Thus, the surviving spouse is empowered *and obligated* to bring a wrongful death action as a representative of the decedent's children. *Mack v. Moore,* 256 Ga. 138 (345 SE2d 338).

This legislative approach is not without its problems. In light of the burgeoning incidence of divorce and remarriage, for example, it fails to recognize that the surviving spouse's interests and the interests of the decedent's children do not necessarily coincide. See *O'Kelley v. Hosp. Auth. of Gwinnett County,* 256 Ga. 373, 374 (349 SE2d 382) (Justice Weltner, concurring specially). See also Comment, "Standing to Sue for Wrongful Death in Georgia When a Spouse and Children Survive the Tortious Death: *Mack v. Moore,*" 3 Ga. State Univ. L. Rev. 281, 296 (1987). It also fails to spell out the rights of the decedent's children when the surviving spouse negligently contributes to the decedent's death: Does the negligence of the surviving spouse bar his or her right to recover as the representative of the decedent's

children? This case puts the spotlight on this legislative shortcoming and brings Shakespeare to mind: "Though this be madness, yet there is method in 't."[1]

Plaintiff, Jerry C. Douberly, individually and as the husband of Doris B. Douberly, deceased, brought this wrongful death action against Leo Marvin Matthews III, in the State Court of Muscogee County. Defendant answered the complaint, denied liability and asserted, inter alia, that plaintiff's negligence was equal to or greater than the negligence, if any, on the part of defendant.

The deceased was a passenger in an automobile driven by plaintiff. On the day in question, plaintiff's automobile was struck by a bus driven by defendant. The collision occurred at an intersection. The evidence of negligence and contributory negligence was conflicting: there was some evidence that defendant was speeding and failed to keep a proper lookout; there was some evidence that plaintiff did not stop at a stop sign. The deceased was survived by plaintiff and Cynthia Douberley, the Douberley's 14-year-old daughter.

Before submitting the case to the jury, the trial court charged the following: "Now, under the law of the State of Georgia the surviving husband is the proper party to bring a lawsuit for wrongful death of the wife. In such cases the husband holds any amount to recover subject to the laws of descent as if it were personal property descending from the . . . wife to her husband to the children, or in this situation, 'child.' In other words, Jerry Douberley is acting both in his individual capacity as the husband of Doris and in his representative capacity on behalf of Cynthia who is Doris' only child. And for this reason you should assess the negligence, if any, of the Defendant Leo Matthews and of the Plaintiff Jerry Douberley in the following manner: 'If you find by the preponderance of the evidence that the negligence of the Defendant, Leo Matthews, was the sole cause of the death of Doris Douberley, then you would be authorized to return a verdict in the favor of the Plaintiff in the amount equal to the full value of the life of Mrs. Douberley. On the other hand, if you find by the evidence that the Defendant Leo Matthews was not negligent in causing the death of Doris Douberley, then you would be authorized to find in favor of the Defendant. If, however, you find by the preponderance of the evidence that Doris Douberley's death was caused by the combined negligence of Leo and Jerry, you should apply the following law: as to the portion of this case allocated to Mr. Douberley, that is one half of the value of the life of his wife, I charge you that Jerry Douberley is entitled to recover one half of the value of the life of the wife diminished in proportion to his own negligence and subject to

---

[1] William Shakespeare, *Hamlet*, Act 2.

the provisos that Jerry Douberley's negligence was less than that of the Defendant, Leo Matthews, and that Jerry Douberley could not, by the exercise of ordinary care . . . have prevented the death.

" 'If you find the Defendant, Leo Matthews, was negligent and find that the Plaintiff, Jerry Douberley, was also negligent in contributing to this death, and that Jerry Douberley's negligence was equal to, that is equal to or greater than that of the Defendant, then Jerry Douberley cannot recover for the portion of his claim which is one half of the value of the life of the wife.

" 'If, however, you find that the Defendant, Leo Matthews, was negligent so as to make him liable to Jerry Douberley on his portion of the claim, and you further find Jerry Douberley also was negligent thereby contributing to his share of the damages, but if the negligence of Jerry Douberley was less than that of the Defendant, then I instruct you this negligence on the part of Jerry Douberley would not prevent his recovery of damages on his portion of the case, but would require that you reduce the amount of damages which would otherwise be awarded to Jerry Douberley in proportion to the negligence of Jerry Douberley compared with that of the Defendant Leo Matthews.' That's the concept of comparative negligence.

"Now, as to the portion of the case that may be allocated to Cynthia Douberley, that is the other one half of the value of the life of Doris Douberley, I charge you that 'if you find by the evidence that any negligence whatsoever by the Defendant, Leo Matthews, contributed to the causing of the death of Doris Douberley, then you would be authorized to return a verdict in favor of the Plaintiff in the amount equal to one half of the full value of the life of Doris Douberley, and that this amount may not be diminished or lessened on account of the negligence, if any, on Jerry Douberley.' "

Defendant objected to the charge on the grounds that "the law gives the sole right to bring a wrongful death action in the surviving spouse in this circumstance, and the surviving daughter does not have a separate claim that should be addressed by this jury. As a surviving child, she has only the right to share in whatever recovery the Plaintiff, the surviving husband, might make in the action. . . . [The case] should have been submitted to the jury as a simple cause of action between the Plaintiff, the surviving husband, Mr. Douberley, and the Defendant, Leo Matthews. . . ."

After deliberating, the jury returned the following verdict: "We the jury find for the plaintiff. We award damages to Cynthia Douberley in the amount of one point five million dollars [one and a half million dollars]. We award damages to Jerry Douberley in the amount of zero dollars." Based upon that verdict, the trial court entered this judgment: "It is Ordered and Adjudged that the Plaintiff recover of the [defendant] the sum of $1,500,000.00, with interest

thereon . . . and the costs of this action."

Defendant moved to amend the verdict and enter judgment on the verdict as amended, to set aside the judgment pursuant to OCGA § 9-11-60 (b) and (d), and for a new trial. The trial court denied defendant's post-trial motions and defendant appealed. *Held*:

1. Under OCGA § 51-4-2, a wrongful death action is to be brought by a surviving spouse as an individual *and* as a representative of the decedent's children. *Mack v. Moore*, 256 Ga. 138, supra. Any amount recovered by the surviving spouse is to be held "subject to the law of descents, as if it were personal property descending from the decedent to the surviving spouse and to the children, provided that such recovery shall be equally divided, share and share alike, between the surviving spouse and the children per capita. . . ." OCGA § 51-4-2 (d) (1). Under this legislative scheme, the decedent's children are entitled to the benefits of the action; but they do not have standing to bring or control the action. *Mack v. Moore*, 256 Ga. 138, supra; *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373, supra. The action must be brought by the surviving spouse. Id.

Defendant argues that inasmuch as a wrongful death action can only be brought by the surviving spouse, the children's right to recover is dependent upon the surviving spouse's right to recover. Continuing the argument, defendant posits that if the surviving spouse's cause of action fails because his or her negligence was equal to or greater than the negligence of the wrongdoer, then the children recover nothing. Thus, defendant concludes, the trial court erred in charging the jury that, if the negligence of plaintiff was equal to or greater than the negligence of defendant, it could nevertheless return a verdict in favor of plaintiff as the representative of the decedent's child for one-half the value of the decedent's life. We cannot agree.

Georgia courts have long held that the "contributory negligence of one beneficiary in a wrongful death action does not defeat recovery when the right to recovery exists in multiple beneficiaries. *Happy Valley Farms, Inc. v. Wilson*, 192 Ga. 830 [16 SE2d 720]." *Fulford v. ITT Rayonier*, 676 FSupp. 252, 254 (S.D. Ga. 1987). As it is said, "The child's right to recover is not derived from the father, and the negligence of the father does not deprive the child of its right to recover." *Happy Valley Farms v. Wilson*, 192 Ga. 830, 836, supra.

In *Happy Valley Farms v. Wilson*, supra at 834, the Supreme Court recognized that "the great majority of the decisions [of other jurisdictions] hold that the negligence of one beneficiary can not be charged against another." In so doing, the Court held that in a wrongful death action, brought jointly by a husband and child to recover for the death of a wife and mother, where the negligence of the husband and the defendant combined to proximately cause the death of the wife and mother, the negligence of the husband did not bar the

child's recovery even though the negligence of the husband was equal to or greater than the negligence of the defendant.

Although *Happy Valley Farms v. Wilson*, supra, was decided at a time when the wrongful death statute provided that a widow could sue alone but a widower could sue jointly with the children, former Ga. Code Ann. § 105-1302, we think its holding is apposite in the case sub judice. After all, the 1985 amendment to the wrongful death statute does not do away with a child's substantive rights; it merely provides that the surviving spouse is the proper party to bring the suit as the child's representative. *Mack v. Moore*, 256 Ga. 138, supra; *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373, supra. See also Comment, "Standing to Sue for Wrongful Death in Georgia When a Spouse and Children Survive the Tortious Death: *Mack v. Moore*," 3 Ga. State Univ. L. Rev., supra at 290 (legislature presumably believes that OCGA § 51-4-2 adequately protects children's rights).

Our conclusion in this regard is buttressed by *Lynn v. Wagstaff Motor Co.*, 126 Ga. App. 516 (191 SE2d 324). In that case, a widow brought a wrongful death action under former Ga. Code Ann. § 105-1302, which provided, as noted above, that a widow could sue alone. The defendants pleaded a release given by the widow before the suit was filed. The children moved to intervene, asserting that an adverse decision on the release issue would bar their claim and that they had no mechanism to assert their rights. The motion to intervene was denied and the children appealed. The Court of Appeals affirmed.

The Court ruled that the widow wore two hats — with one she pursued her own claim, with the other she pursued the children's. Citing *Happy Valley Farms v. Wilson*, supra, the Court went on to hold that the widow would be able to pursue the children's claim even if her own claim were barred: "The only possible conclusion is that the release signed by the mother can in no way bind the children; and even if upheld as to her personally, does not bar them from proceeding for their proportionate share. The [children's] fears of inadequate representation by the widow in this respect are therefore groundless." Id. at 519. Significantly, the Court added: "If the widow receives an adverse determination on the release issue, she will not be thrown out of the courtroom. She will remain as her children's representative under § 105-1302. . . ." Id.

Just as the widow in *Lynn* wore two hats, so too does plaintiff wear two hats in the case sub judice — an individual hat and a representative's hat. And just as the widow in *Lynn* would remain in the courtroom as her children's representative in the event of an adverse ruling on her individual claim, so too plaintiff was to remain in the courtroom as the representative of the decedent's child in the event of an adverse ruling on his individual claim. It follows that the trial

court did not err in charging the jury that they could return a verdict for plaintiff, as the representative of the decedent's child, even though plaintiff's negligence was equal to or greater than defendant's negligence. *Mack v. Moore*, 256 Ga. 138, supra; *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373, supra; *Lynn v. Wagstaff Motor Co.*, supra.

2. Defendant also contends that, even if the trial court charged the jury properly, the judgment was not entered in accordance with the verdict because it gave the entire amount awarded by the jury to plaintiff. We do not accept this contention.

The verdict awards the decedent's child $1.5 million and the plaintiff $0. The clear import of the verdict was to give the child one-half the value of the decedent's life, i.e., $1.5 million. The judgment of the trial court does just that by awarding $1.5 million to plaintiff — the child's representative.

" 'A judgment must conform to the verdict [OCGA § 9-12-9]; and likewise it must follow the true meaning and intent of the finding of the jury.' *Taylor v. Taylor*, 212 Ga. 637, 638 (94 SE2d 744). That was done here. Accordingly, it was correct. See also *Roberts v. Citizens Bank &c. Co.*, 33 Ga. App. 626 (127 SE 621)." *King v. Cox*, 130 Ga. App. 91, 93 (5) (202 SE2d 216).

3. The evidence was sufficient to support the jury's verdict. The trial court did not err in denying defendant's motion for a new trial on the general grounds.

*Judgment affirmed. Carley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 16, 1993 —
RECONSIDERATION DENIED MARCH 3, 1993 — 

*Denney, Pease, Allison, Kirk & Lomax, John W. Denney, Long, Weinberg, Ansley & Wheeler, Dan B. Wingate, Walker, Hulbert, Gray & Byrd, Charles W. Byrd*, for appellant.

*Taylor & Harp, J. Sherrod Taylor, J. Anderson Harp, Jefferson C. Callier, Charles A. Gower*, for appellee.