A92A2336. EMORY UNIVERSITY et al. v. DORSEY et al.
(429 SE2d 307)

COOPER, Judge.

This appeal arises out of an action against appellants, a physician and hospital, for medical malpractice and wrongful death. The lawsuit was brought by appellees, the deceased's parents, as executors of the deceased's estate and as the adoptive parents of the deceased's minor child. Following the denial of appellants' motion for partial summary judgment, we granted this interlocutory appeal to consider whether the minor child can maintain a wrongful death action when the deceased died leaving a surviving spouse and whether the child's subsequent adoption operates to divest the child of a cause of action for wrongful death.

In January 1987, the deceased, who was not married, gave birth to a son, Jordan, in California. A few months later, the deceased married Timothy Showens, who was not Jordan's father, and moved back to Georgia where her parents lived. In February 1988, the deceased became ill and was hospitalized at appellant hospital and treated by appellant physician. While the deceased was in the hospital, Showens and Jordan lived with the deceased's parents. The deceased died in March 1989 survived by both Showens and Jordan and left a will expressing her desire that Jordan be adopted by her parents so that he could be raised in a two-parent family. Approximately two weeks after the deceased's death, Showens moved to New York and left Jordan with his grandparents, who adopted him in March 1990. Appellees subsequently filed this lawsuit for medical malpractice and wrongful death against appellants. Appellants each filed motions to dismiss or in the alternative for partial summary judgment, contending therein that no action could be maintained by the minor child for the wrongful death of his mother. The trial court found that the child's right to bring the wrongful death action vested at the moment of his mother's death and did not divest upon his subsequent adoption by his grandparents. The trial court also exercised its general equitable powers to allow the child to bring the wrongful death action despite the existence of a surviving spouse.

1. Appellants first argue that the adoption of the child by appellees terminated any right the child may have had to bring an action for wrongful death. Appellants rely on *Eig v. Savage*, 177 Ga. App. 514 (339 SE2d 752) (1986) and *Johnson v. Parrish*, 159 Ga. App. 613

(2) (284 SE2d 111) (1981) for the proposition that Jordan's adoption by appellees severed any right he had to bring the wrongful death action. However, in both of those cases, the adoption occurred prior to the death of the natural parent. The relevant time for determining whether a cause of action for wrongful death exists is when the death of the person occurs. *Garvin v. Lovett*, 131 Ga. App. 46 (1) (205 SE2d 124) (1974). At the time of the deceased's death, Jordan was the legal child of the deceased as the parental relationship had not been terminated through adoption or any other proceeding. Appellants unconvincingly argue that it should make no difference whether the adoption occurs prior to or subsequent to the death of the natural parent. We do not agree. An adoption which occurs subsequent to the death of a natural parent should not terminate a cause of action for the wrongful death of the parent. To hold otherwise would not foster the public policy of encouraging adoptions, particularly in cases such as this one where the child is rendered an orphan. Consequently, we hold that to the extent that Jordan is otherwise entitled to recover under the wrongful death statute, his adoption after his mother's death does not bar that recovery.

2. We next address appellant's contention that Jordan is not entitled to bring an action under OCGA § 51-4-2 because the deceased left a surviving spouse. OCGA § 51-4-2 (a) provides: "The surviving spouse or, if there is no surviving spouse, a child or children . . . may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence." In *Mack v. Moore*, 256 Ga. 138 (345 SE2d 338) (1986), the Supreme Court of Georgia recognized that a surviving spouse who brings an action for wrongful death acts both as an individual and as a representative of any children of the deceased. Five months after *Mack*, the Supreme Court in *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373 (349 SE2d 382) (1986) reiterated this language in *Mack* and upheld a trial court's ruling that the cause of action for wrongful death vested in the surviving spouse and not in the children of the deceased. In a special concurrence, Justice Weltner noted that although the statute vests the cause of action in the surviving spouse, that should not operate to interfere with a superior court's exercise of its "general equitable powers to supervise litigation pending before it in such a manner as fairly shall protect the substantive *and* procedural rights of any party at interest." *O'Kelley*, supra at 374. In a more recent case, *Brown v. Liberty Oil &c. Corp.*, 261 Ga. 214 (403 SE2d 806) (1991), minor children brought an action for the wrongful death of their mother. Relying on *Mack* and *O'Kelley*, the trial court dismissed the children's complaint. The Supreme Court noted that the surviving spouse of the deceased had abandoned the children, could not be located and would not, in any event, pursue a claim for wrongful death. The Court held

that those factual circumstances demanded that the superior court exercise its equitable powers to preserve the rights of the minor children and allow them to maintain the wrongful death action. Id. at 216.

We find equally compelling reasons for the superior court's exercise of equitable powers in this case. The evidence reflects that Showens left the State shortly after the deceased's death with no intention of pursuing a wrongful death action. There was no blood or legal relationship connecting Showens and Jordan, and Showens left the child with appellees without an adequate remedy at law. Under these factual circumstances, we conclude that the superior court properly exercised its equitable powers by allowing the minor child to bring the action for the wrongful death of his mother. See *Brown*, supra.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 12, 1993.

*Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Stephen H. Sparwath, Paul L. Weisbecker, Allen & Peters, Hunter S. Allen, Jr., Gary R. McCain, Dennis A. Elisco*, for appellants.

*Moore & Moore, W. Newton Moore, Elisa A. Roberts*, for appellees.