## S08G0469. BLACKMON v. TENET HEALTHSYSTEM SPALDING, INC.

(667 SE2d 348)

SEARS, Chief Justice.

Joyce Blackmon filed a complaint in Fulton County State Court for medical malpractice and wrongful death against Tenet Healthsystem Spalding, Inc. and others (collectively, "Tenet"). Blackmon had been named the legal guardian of her grandchild, Cecily Brooke Futral, because her son-in-law was incarcerated. Blackmon filed suit in her representative capacity as the legal guardian of the child, and the state court denied Tenet's motion for partial summary judgment. The question before us is whether the Court of Appeals erred in reversing the state court's denial of partial summary judgment on the ground that a state court lacks the equitable power of a superior court to authorize someone other than the surviving spouse to file a claim for wrongful death. We hold that it did. Instead of reversing the state court's judgment, the Court of Appeals should have vacated the ruling on the motion for partial summary judgment and remanded the case with direction to the state court to transfer the matter to superior court in accordance with Article VI, Section I, Paragraph VIII of the Georgia Constitution.[1]

Tenet moved for partial summary judgment on the ground that Blackmon was not the proper party to bring the wrongful death

---

[1] See Ga. Const. Art. VI, Sec. I, Par. VIII ("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.").

claim. The state court denied the motion in a purported exercise of its equitable power to allow an exception to OCGA § 51-4-2 (a)'s stipulation that only the surviving spouse can bring a wrongful death action. The Court of Appeals reversed, holding that a state court does not possess the equitable power that a superior court does to make an exception to the statute and enable a legal guardian to bring a wrongful death action.[2]

The Court of Appeals declined Blackmon's invitation to transfer the case to superior court because it determined that Blackmon had not requested that relief in state court. The Court of Appeals went on to say that even if it were to apply Uniform Superior Court Rule 19.1 on appeal,[3] as urged by Blackmon, transfer to the superior court would still be inappropriate, because Rule 19.1 only applies where subject matter jurisdiction is lacking, and the issue before the state court was whether Blackmon lacked standing to file suit, not whether the state court lacked subject matter jurisdiction over the case. The Court of Appeals denied Blackmon's motion for reconsideration, and we granted certiorari.

The Court of Appeals' determination that Blackmon failed to request transfer to superior court in the state court is clearly erroneous. Blackmon requested precisely that relief in her response to Tenet's motion for partial summary judgment. We agree with Blackmon that it would elevate form over substance to deny that a transfer motion was filed simply because the document in which the transfer request appeared was styled a "brief" and not a "motion." Moreover, it makes no difference that Blackmon requested transfer to superior court as an alternative form of relief in the event the state court found it lacked jurisdiction to adjudicate Blackmon's claims.

The wrongful death statute gives the minor child a cause of action for damages for the alleged wrongful death of her mother.[4]

---

[2] *Blackmon v. Tenet Healthsystem Spalding*, 288 Ga. App. 137, 144-147 (653 SE2d 333) (2007). See *Brown v. Liberty Oil & Ref. Co.*, 261 Ga. 214, 215-216 (403 SE2d 806) (1991) (holding it is within the equity powers of superior court to permit prosecution of wrongful death claim by guardian of minor children where surviving spouse refuses to do so); *Emory Univ. v. Dorsey*, 207 Ga. App. 808, 809 (429 SE2d 307) (1993) (same).

[3] See Uniform Superior Court Rule 19.1 (A) ("[A] timely motion in any pending civil action or proceeding (1) by any party, that jurisdiction is lacking or that venue is improper, or (2) by the court, sua sponte, that subject matter jurisdiction is lacking, shall be treated as a motion to transfer the action to another court, whether in the same or another county of this state.").

[4] See OCGA § 51-4-2 (d) (1) ("Any amount recovered under . . . this Code section shall be equally divided, share and share alike, among the surviving spouse and the children per capita, and the descendants of children shall take per stirpes, provided that any such recovery to which a minor child is entitled and which equals less than $15,000.00 shall be held by the natural guardian of the child, who shall hold and use such money for the benefit of the child

Although the statute says the deceased's surviving spouse must bring the action, both this Court and the Court of Appeals have allowed other persons acting in a representative capacity to maintain a wrongful death action on behalf of a minor child where the surviving spouse declines to pursue the claim.[5] Here, the minor child's father, who is incarcerated, had no intention of bringing a wrongful death claim on the child's behalf and in fact failed to do so prior to the expiration of the two-year statute of limitations.

We assume without deciding that the state court lacked the equitable power to make an exception to the wrongful death statute and authorize Blackmon to pursue the wrongful death claim on the minor child's behalf. Nevertheless, having reached this conclusion, the proper course would have been for the Court of Appeals to vacate the ruling and remand the case to the state court with direction to transfer the case to superior court. This course of action was required by Article VI, Section I, Paragraph VIII of the Georgia Constitution, which provides, under the heading "Transfer of Cases," that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."

The Court of Appeals reasoned that this constitutional provision has no application where, as here, the request for partial summary judgment is based on the plaintiff's lack of standing to sue rather than the state court's lack of subject matter jurisdiction or venue over a particular claim. We find the Court of Appeals' reasoning unpersuasive. First, the constitutional provision refers to "jurisdiction" generally, not "subject matter jurisdiction" in particular. The constitutional and procedural concept of "standing" falls under the broad rubric of "jurisdiction" in the general sense, and in any event, a plaintiff with standing is a prerequisite for the existence of subject matter jurisdiction.[6] Second, the manifest purpose of Article VI, Section I, Paragraph VIII is to prevent parties from being penalized when their attorneys, or the parties themselves acting pro se, make a mistake regarding the complex, highly technical rules that govern jurisdiction and venue and inadvertently file a case in the wrong court. This case fits that description to a tee.

Accordingly, we hold that the Court of Appeals erred in reversing the state court's denial of the motion for partial summary judgment and should instead have vacated the state court's ruling on this issue

---

and shall be accountable for same; and any such recovery to which a minor child is entitled and which equals $15,000.00 or more shall be held by a guardian of the property of such child.").

[5] *Brown*, supra; *Dorsey*, supra.

[6] *Davis v. Federal Election Comm.*, __ U. S. __ (128 SC 2759, 171 LE2d 737) (2008); *Perdue v. Lake*, 282 Ga. 348, 348 (647 SE2d 6) (2007).

and remanded with direction to transfer the case to superior court. We reverse the Court of Appeals' judgment and remand to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Parks, Chesin & Walbert, David F. Walbert, Thomas D. Trask*, for appellants.

*Insley & Race, Kevin P. Race, Brian K. Mathis, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Eric J. Frisch, Evan H. Howell*, for appellee.