NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: February 7, 2023

S22G0405.  HAMON v. CONNELL et al.

MCMILLIAN, Justice.

Diane Dickens Hamon filed a medical malpractice action against William Clark Connell, M.D., and South Georgia Emergency Medicine Associates, P.C. (collectively "Appellees"), for the wrongful death of her father, James Isaac Dickens, Jr. Appellees moved for judgment on the pleadings asserting that, because Dickens had a surviving spouse, Hamon did not have the right to bring the claim. The trial court denied the motion, but the Court of Appeals reversed. See *Connell v. Hamon*, 361 Ga. App. 830 (863 SE2d 744) (2021). We granted Hamon's petition for certiorari to consider the issue of whether the trial court erred in determining that Hamon had the right, under equitable principles, to pursue a claim under the Wrongful Death Act, OCGA § 51-4-1 et seq. (the "Act"), when

Dickens's widow allegedly refused to do so. Because we conclude, for the reasons discussed below, that the trial court properly denied the motion for judgment on the pleadings, we reverse.[1]

1. "Our review of a trial court's decision on a motion for judgment on the pleadings is de novo." *Polo Golf & Country Club Homeowners Assn., Inc. v. Cunard,* 306 Ga. 788, 791 (2) (833 SE2d 505) (2019). And, in reviewing such motions, "all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." Id. at 791-92 (2) (citation omitted). See also *Reliance Equities, LLC v. Lanier 5, LLC*, 299 Ga. 891, 893 (1) (792 SE2d 680) (2016) ("On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the[non-movant], drawing all reasonable inferences in his favor." (citations and

---

[1] We were aided in our consideration of this appeal by helpful amicus curiae briefs filed by the Georgia Trial Lawyers Association and by attorneys Kenneth J. Lewis and John J. Park, Jr. We thank them for their assistance.

punctuation omitted)).

As alleged in Hamon's complaint, Dickens died on February 15, 2018. Hamon is an adult and Dickens's sole surviving child.[2] At the time of his death, Dickens was married to, but had long been separated from, Hamon's mother, Lisa Dickens, who "refused" to bring a wrongful death claim in her capacity as Dickens's surviving spouse.[3] In an effort to preserve the wrongful death claim, Hamon filed this action, in both her individual capacity as Dickens's surviving child and in a representative capacity for Lisa Dickens.[4] The complaint also asserted that Hamon intended to file a motion to add Lisa Dickens as an indispensable party to the action.

---

[2] The complaint also asserts that, as Dickens's surviving child, Hamon had a "vested right" to a wrongful death claim under the Act. See OCGA § 51-4-2. However, we are not required to accept that legal conclusion as true. See *Oasis Goodtime Emporium I, Inc. v. City of Doraville*, 297 Ga. 513, 522 (3) (a) (773 SE2d 728) (2015) ("While a trial court is required to consider a non-moving party's factual allegations to be true, it is not required to accept the legal conclusions the non-[moving ]party suggests that those facts dictate." (citing *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 87 (1) (764 SE2d 398) (2014) (punctuation omitted)).

[3] The trial court's order states that Lisa Dickens was estranged from Hamon, as well as Dickens, but no such allegation appears in the complaint.

[4] OCGA § 51-4-2 (d) (1) provides that "[a]ny amount recovered under subsection (a) of this Code section shall be equally divided, share and share alike, among the surviving spouse and the children per capita . . . ."

In their motion for judgment on the pleadings, Appellees argued that Hamon lacked the right to assert a claim for the wrongful death of her father because the Act gave Lisa Dickens, as Dickens's surviving spouse, the sole right to bring the claim. See OCGA § 51-4-2 (a) ("The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence."). Hamon opposed the motion, and, following a hearing, the trial court issued an order denying a judgment on the pleadings. In making this ruling, the trial court noted that Georgia's appellate courts previously have recognized equitable exceptions to the "spousal standing" rule in favor of a decedent's surviving children. The trial court found that Lisa Dickens's apparent refusal to bring a wrongful death action as surviving spouse left Hamon "with no other recourse or adequate remedy to recover from the parties that she alleges caused her father's death but to file her own wrongful death action" and concluded that

4

[b]ased upon all of the above, and in consideration of the particular facts and circumstance of this case, the Court finds that the Plaintiff, as surviving child of the decedent, fits under an equitable exception to the "spousal standing" rule [and] is a proper party to bring the . . . wrongful death action.

The Court of Appeals granted Appellees' application for interlocutory appeal from this order and reversed the trial court's denial of the motion for judgment on the pleadings, concluding that the trial court impermissibly applied the principles of equity "[to grant Hamon], an adult, standing to bring a wrongful death action where the surviving spouse, albeit estranged, elected not to do so." *Connell*, 361 Ga. App. at 837. In making this determination, the court reasoned that "no Georgia statute or case gives adult children a right to file a wrongful death action to recover damages for the death of a parent even if a surviving spouse declines to exercise his or her right to bring such an action" and distinguished cases in which this Court and the Court of Appeals had permitted a child under similar circumstances to pursue a wrongful death action under equitable principles as only applying to minor children. Id. at

5

838. Hamon asserts on appeal that the Court of Appeals erred in reversing the trial court's denial of the motion for judgment on the pleadings.

2. In examining whether Hamon has the right to pursue a wrongful death claim, we look first to the text of the Act. The parties do not dispute that the Act grants a decedent's surviving spouse the right to pursue a wrongful death claim and grants that right to the decedent's "child or children, either minor or sui juris," in the event there is no surviving spouse. OCGA § 51-4-2 (a).[5] However, as the parties further acknowledge, under certain circumstances, Georgia courts have applied equitable principles to allow someone other than the decedent's surviving spouse to pursue a wrongful death claim to

---

[5] Under the Act, if there is not a surviving spouse or children, "the right of recovery shall be in the parent or parents." OCGA § 19-7-1 (c) (2). See also OCGA § 51-4-4 ("The right to recover for the homicide of a child shall be as provided in Code Section 19-7-1 and Code Section 53-1-5."). And if the decedent leaves no surviving spouse, child, or parent, the Act provides as follows:

> When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 or 51-4-4, the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin. In any such case the amount of the recovery shall be the full value of the life of the decedent.

OCGA § 51-4-5 (a).

6

benefit a decedent's children. The parties disagree, however, as to whether these equitable principles apply with equal force to a decedent's adult children as they do to minor children.

In *Brown v. Liberty Oil & Refining Corp.*, 261 Ga. 214 (403 SE2d 806) (1991), this Court applied equitable principles to allow a decedent's children to pursue a wrongful death action when the surviving spouse refused to do so. In that case, the decedent's minor children brought a wrongful death action arising out of a collision between their mother's car and a truck operated by the defendant's employee, which resulted in the mother's death. Although the mother was survived by a spouse, the children alleged that he "has abandoned them; cannot be located; and would not, in any event, pursue the claim for wrongful death." *Brown*, 261 Ga. at 214. The trial court dismissed the children's complaint for failure to state a claim, and we reversed, holding that

> the factual circumstances of this case demand the exercise of [the trial court's general equitable] powers to preserve the rights of the minor children. The trial court should have allowed these minors, who have *no* remedy at law, to maintain an action for the wrongful death of

their mother.

Id. at 216 (2) (b) (emphasis in original).[6]

In so holding, we pointed to the "general equitable powers in the superior court." *Brown*, 261 Ga. at 215-16 (2) (b).[7] In addition, we noted that the children who wished to bring suit cited to two statutes that describe the scope of equity jurisdiction and the authority of courts to apply equity to enforce rights. OCGA § 23-1-3 provides that "[e]quity jurisdiction is established and allowed for the

---

[6] *Brown* also overturned prior case law holding that a decedent's children had no right to pursue a wrongful death claim where the decedent left a surviving spouse. See *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373 (349 SE2d 382) (1986); *Mack v. Moore*, 256 Ga. 138 (345 SE2d 338) (1986). See also *Bloodworth v. Jones*, 191 Ga. 193, 196 (11 SE2d 658) (1940) ("[T]he statute vests the right to sue in the first instance in the widow, and so long as she lives neither the children nor any one for them can institute such action." (construing Ga Code Ann. §§ 105-1302, 1304) (1933)); *Lawrence v. Whittle*, 146 Ga. App. 686 (247 SE2d 212) (1978) ("From the language of Code Ann. § 105-1302, it is clear that the cause of action for wrongful death of a husband vests in the widow: A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent. It is equally clear from case law that the children have no right to sue so long as the widow is in life." (citation and punctuation omitted)).

[7] At the time of Dickens's death, the Georgia Constitution granted exclusive jurisdiction over equity cases to the superior courts. See Ga. Const. of 1983, Art. VI, Sec. IV, Par. I. The Constitution has since been amended to grant the superior court "concurrent jurisdiction with the state-wide business court in equity cases." See Ga. L. 2018, Act 410, § 4 (ratified Nov. 6, 2018).

8

protection and relief of parties where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done." OCGA § 23-4-20 further provides that "[a]ny person who may not bring an action at law may complain in equity and every person who is remediless elsewhere may claim the protection and assistance of equity to enforce any right recognized by the law."[8]

Since our decision in *Brown*, the appellate courts of this State have acknowledged and applied *Brown*'s equity-based rule. See, e.g., *Blackmon v. Tenet Healthsystem Spalding, Inc.*, 284 Ga. 369, 370-71 (667 SE2d 348) (2008) (explaining that "both this Court and the Court of Appeals have allowed other persons acting in a

---

[8] Some of us are skeptical that *Brown* was rightly decided, given the statutory text of OCGA § 51-4-2 (a), which expressly limits the right of a child to pursue a wrongful death claim to circumstances in which there is no surviving spouse. But *Brown* was decided over three decades ago, the statutory stare decisis effect of *Brown* would be likely difficult to overcome, and the parties do not ask us to overrule it. Accordingly, we faithfully apply *Brown*. See *Radioshack Corp. v. Cascade Crossing II*, 282 Ga. 841, 843 (653 SE2d 680) (2007) ("Even those who regard 'stare decisis' with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute." (citation and punctuation omitted)).

representative capacity to maintain a wrongful death action on behalf of a minor child where the surviving spouse declines to pursue the claim" and holding that case involving wrongful death claim filed by minor child's legal guardian on child's behalf where surviving spouse was incarcerated should have been transferred to superior court, which had the requisite equity jurisdiction to consider the issue); *Emory Univ. v. Dorsey*, 207 Ga. App. 808, 809-10 (2) (429 SE2d 307) (1993) (affirming trial court's exercise of equitable powers to allow minor child to bring wrongful death claim where the surviving spouse was not the child's parent or guardian and had left the state with no intention of filing a wrongful death claim).[9]

---

[9] In addition, under circumstances not applicable here, our appellate courts have permitted a child, parent, or administrator of the estate to pursue a wrongful death action under equitable principles when the surviving spouse was the wrongdoer. See, e.g., *Rai v. Reid*, 294 Ga. 270, 274-75 (2) (751 SE2d 821) (2013) (determining no error in trial court's decision to allow minor child's adoptive father to pursue wrongful death claim on child's behalf where surviving spouse was involved in decedent's murder); *McIver v. Oliver*, 353 Ga. App. 106, 109-10 (836 SE2d 535) (2019) (holding that administrator of decedent's estate, rather than surviving spouse who caused decedent's death, could bring wrongful death action and directing that case be transferred from state to superior court for the exercise of the latter court's equitable powers); *Belluso v. Tant*, 258 Ga. App. 453, 455 (574 SE2d 595) (2002) (noting that "it is within the equitable powers of the superior court to permit the prosecution

Nevertheless, in this case, the Court of Appeals determined that the application of these equitable principles was available only to minor children and not to a decedent's adult children. See *Connell*, 361 Ga. App. at 837-38. See also *Northeast Ga. Med. Center, Inc. v. Metcalf*, 363 Ga. App. 676, 679 (1) (871 SE2d 454) (2022) (relying on *Connell* to hold that decedent's two adult children had no right to bring a wrongful death claim where the decedent was survived by a spouse, who was estranged from the decedent; lacked a relationship with his son, who is one of the two children; was not the father of the other child; and elected not to pursue a wrongful death claim).

We see no basis in the relevant case law, however, for drawing such a distinction. Although *Brown* and the cases before *Connell* each involved minor children, there is nothing in the language of those cases or the equity statutes themselves to suggest that only *minor* children may benefit from the equitable principles at issue here. None of the cases based the application of those principles on

of the wrongful death action by a parent when the surviving spouse is the alleged wrongdoer," in construing OCGA § 19-7-1 (c)).

11

a consideration of the child's minority. Although this Court described the children in *Brown* as minors, there is no indication that this Court's analysis turned on that fact. Rather, we held that the application of equity was necessary to preserve their rights where they had "no remedy at law to maintain an action for the wrongful death of their mother." *Brown,* 261 Ga. at 215-16 (2) (b) (emphasis omitted).

Moreover, the Act draws no distinction between minor and sui juris children: it permits recovery to each on the same terms. In fact, we addressed this question nearly a century ago when we construed an earlier version of OCGA § 51-4-2 that permitted "minor or sui juris" children to recover for their father's homicide. See *Peeler v. Central of Ga. R. Co.,* 163 Ga. 784, 790 (137 SE 24) (1927). In *Peeler*, we noted that the statute had recently been amended to add a right of recovery for sui juris children in addition to minor children, and we reasoned that the amendment meant the statute now permitted recovery to "all children without regard to actual dependency, or the dependency which might be implied from minority." Id. See also

12

*Wausau Ins. Co. v. McLeroy*, 266 Ga. 794, 796 (2) (471 SE2d 504) (1996) (when General Assembly amends a statute to add new text, "we must presume that the legislative addition of language to the statute was intended to make some change in the existing law").

We concluded therefore that the prior version of the wrongful death statute gave an unqualified right of action "upon the sole ground of [the] relationship existing between parent and child" and that the question of dependency was "absolutely immaterial." *Peeler*, 163 Ga. at 789-90. Accordingly, the Court determined that the decedent's adult daughter could assert a claim for his wrongful death. Id. We conclude here that the use of the same language in the Act supports that no distinction may be drawn between minor and adult children with regard to the right of recovery for wrongful death. [10]

Hamon alleged that she is Dickens's child and that Lisa

---

[10] It also follows that Hamon's failure to allege in her complaint that she was dependent on Lisa Dickens was immaterial, and the Court of Appeals erred to the extent that it relied on that omission in reversing the trial court's order. See *Connell*, 361 Ga. App. at 835.

13

Dickens "refused" to bring a wrongful death action as the surviving spouse. Because the allegations of Hamon's complaint do not disclose with certainty that she would not be entitled under *Brown* to pursue her wrongful death claim "under any state of provable facts," *Hinson*, 256 Ga. at 397, the Court of Appeals erred in reversing the trial court's denial of Appellees' motion for judgment on the pleadings.[11] See, e.g., *Brown*, 261 Ga. at 214 (applying equity to allow decedent's children to pursue a wrongful death claim where children represented that surviving spouse "has abandoned them; cannot be located; and *would not, in any event, pursue the claim for wrongful death*," and court found that children thus had no legal remedy (emphasis supplied)); *Dorsey*, 207 Ga. App. at 809-10 (2) (affirming trial court's exercise of equitable powers to allow minor child to bring wrongful death claim where the surviving spouse had

---

[11] For the same reasons, we also overrule *Northeast Ga. Med. Center*, 363 Ga. App. at 679, which relied on *Connell* to hold that two adult children had no right to bring a wrongful death claim where the decedent was survived by a spouse, and we also disapprove of *Parrish v. St. Josephs/Candler Health System, Inc.*, 364 Ga. App. 228, 238 (4) (874 SE2d 413) (2022), to the extent that it relied on *Connell* with approval.

14

left the state with "*no intention of pursuing a wrongful death action*" (emphasis supplied)).

*Judgment reversed.  All the Justices concur.*