**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 15, 2012**

# In the Court of Appeals of Georgia

A12A1482. FOSTER v. SOUTHERN REGIONAL HEALTH DO-068 SYSTEM, INC.

DOYLE, Presiding Judge.

This appeal arises from the grant of summary judgment to Southern Regional Health Systems, Inc. ("Southern Regional"), in a medical malpractice suit filed by Deborah Foster. The trial court granted summary judgment to Southern Regional after it determined that the various emergency room physicians involved in Foster's treatment were not agents of the hospital under OCGA § 51-2-5.1 (f). For the reasons that follow, we affirm.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence,

and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Viewed in this light, the record shows that Foster was treated for a staph infection of her lungs in early November 2006 at Southern Regional. In late November, Foster repeatedly sought treatment at Southern Regional's emergency room for low back pain,[2] and after repeatedly seeking treatment with the emergency room over the next few weeks to no avail, she was finally admitted to the hospital for treatment on December 17, 2006, because she could not walk. Foster was diagnosed with a spinal infection for which she has undergone numerous surgeries and from which she continues to suffer neurological damage.[3]

Foster filed a medical malpractice suit against Drs. William A. Watkins; John E. Spalding; and Kevin D. Goodlow; Southern Regional; and various other defendants. Southern Regional filed a motion for summary judgment, arguing that it

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Foster was not insured and therefore did not have a treating private physician.

[3] The intricacies of Foster's injuries do not play a roll in our determination of this appeal, and therefore, we provide only a brief synopsis of the incidents in question.

was not vicariously liable for the negligence of the named individual physicians because those individuals were independent contractors employed by EmergiNet, and because Foster had not identified any negligent act on the part of Southern Regional apart from any vicarious liability for the negligence of those individuals, the trial court should grant summary judgment in its favor. After a hearing, the trial court concluded that Southern Regional was not liable for any negligence of the individual physicians and granted the motion for summary judgment. Foster filed this interlocutory appeal, arguing that the trial court erred because Dr. Watkins was an actual agent of Southern Regional.

Foster argues that the trial court erred by finding that Watkins, Goodlow, and Spalding were not employees or agents of Southern Regional at the time of Foster's injuries. We disagree.

In 2005, the Georgia Legislature enacted certain tort reform legislation,[4] including a statutory test to determine whether healthcare professionals providing healthcare services to patients at hospitals are employees or independent contractors of those hospitals. Pursuant to OCGA § 51-2-5.1 (f), the issue of "[w]hether a health

---

[4] See *Blackmon v. Tenet Healthsystem Spalding*, 288 Ga. App. 137, 139, n. 7 (653 SE2d 333) (2007), reversed on other grounds by *Blackmon v. Tenet Healthsystem Spalding*, 284 Ga. 369 (667 SE2d 348) (2008).

care professional is an actual agent, an employee, or an independent contractor shall be determined by the language of the contract between the health care professional and the hospital." In this case, however, it is undisputed that no written contract exists between the three doctors and Southern Regional, and therefore, we proceed to the next subsection of the statute, which states that if

> there is no contract or that the contract is unclear or ambiguous as to the relationship between the hospital and health care professional, the court shall apply the following: (1) Factors that may be considered as evidence the hospital exercises a right of control over the time, manner, or method of the health care professional's services include: the parties believed they were creating an actual agency or employment relationship; the health care professional receives substantially all the employee benefits received by actual employees of the hospital; the hospital directs the details of the health care professional's work step-by-step; the health care professional's services are terminable at the will of the hospital without cause and without notice; the hospital withholds, or is required to withhold, federal and state taxes from the remuneration paid to the health care professional for services to the patients of the hospital; and factors not specifically excluded in paragraph (2) of this subsection;[5]

---

[5] (Punctuation omitted.) OCGA § 51-2-5.1 (g) (1).

Subsection (g) further explains that a court may not consider as evidence of an agency relationship the following factors:

a requirement by the hospital that such health care professional treat all patients or that any health care professional or group is obligated to staff a hospital department continuously or from time to time; the hospital's payment to the health care professional on an hourly basis; the provision of facilities or equipment by the hospital; the fact a health care professional does not maintain a separate practice outside the hospital; the source of the payment for the professional liability insurance premium for that health care professional; the fact that the professional fees for services are billed by the hospital; or any requirement by the hospital that such health care professional engage in conduct required to satisfy any state or federal statute or regulation, any standard of care, any standard or guideline set by an association of hospitals or health care professionals, or any accreditation standard adopted by a national accreditation organization.[6]

1. As an initial matter, Southern Regional points out that the trial court correctly determined that Foster waived in her summary judgment brief her argument that Dr. Spalding is an actual agent of Southern Regional. We agree and affirm the trial court's grant of summary judgment as to the vicarious liability of Southern Regional as to any negligence of Dr. Spalding.

---

[6] OCGA § 51-2-5.1 (g) (2).

5

2. The trial court correctly determined that Foster waived at the summary judgment hearing her argument that Dr. Goodlow was an actual agent of Southern Regional. Thus, we affirm the trial court's grant of summary judgment as to the vicarious liability of Southern Regional as to any negligence of Dr. Goodlow. Even if Foster had not waived this argument, she points only to the fact that Goodlow could admit patients as evidence that he was an actual agent of Southern Regional, which alone is insufficient to establish a question of fact as to whether Southern Regional controlled the time, method, or manner of his services to show the existence of an agency relationship under OCGA § 51-2-5.1 (f).

3. Finally, Foster contends that the trial court erred by finding that Dr. Watkins was not an actual agent of Southern Regional. We disagree.

Dr. Watkins specifically stated that he was not employed by Southern Regional and that he was employed by EmergiNet. Southern Regional did not provide malpractice insurance or employee benefits to Watkins, did not directly compensate him, and did not bill his patients or their insurance for his services. Southern Regional did not withhold any taxes for state, federal, or local payroll or income tax purposes on behalf of Watkins, and Southern Regional could not terminate his employment without cause or notice.

6

Moreover, although there was no contract between Watkins and Southern Regional, the service agreement between EmergiNet and Southern Regional states that

> [t]he Parties agree that EmergiNet and [Southern Regional] are independent contractors under this Agreement, and neither Party shall be deemed the agent, partner, employee, representative, or joint venture of the other Party for any reason. Any and all Professionals providing services under this Agreement shall be deemed to be the employees, agents, or subcontractors of EmergiNet.

Foster contends that because Dr. Watkins was placed in the position of Medical Director of the Department of Emergency Medicine by EmergiNet, which position was required of EmergiNet by Southern Regional under the service contract, that Watkins is therefore an actual agent of Southern Regional. The position is largely administrative, but Foster contends that his service as Medical Director is evidence that Watkins was an actual agent of Southern Regional because (1) Watkins was required to supervise the emergency department; (2) Watkins was required to formulate policies for the department; (3) Watkins could not work at other locations; (4) Watkins was required to allocate 50 percent of his time to administrative tasks; and (5) Watkins was paid a stipend for his role as director. Nevertheless, Watkins was

never paid directly by Southern Regional, and OCGA § 51-2-5.1 (g) (2) expressly prohibits using the fact that a physician works exclusively for one hospital as evidence of an agency relationship with that hospital. Moreover, although the job description indicates broadly the expectations of the medical director, it does not "direct[] the details of the . . . work step-by-step."[7]

Accordingly, the trial court did not err by granting Southern Regional's motion for summary judgment.

4. Based on our determination in the preceding Divisions, it is unnecessary for us to address Foster's remaining enumerations of error.

*Judgment affirmed. Andrews and Boggs, JJ., concur.*

---

[7] See OCGA § 51-2-5.1 (g) (1).