**Effie Hagwood HOUSE,
Plaintiff–Appellant,**

v.

**Dennis Franklin GIBSON,
Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 2, 1991.

Permission to Appeal Denied by
Supreme Court March 16, 1992.

Floyd R. Hodge, Knoxville, for plaintiff-appellant.

Robert C. Edwards, Knoxville, for defendant-appellee.

OPINION

McMURRAY, Judge.

This is a wrongful death action. The plaintiff is the decedent's mother and the defendant is the decedent's surviving spouse. The plaintiff alleges that the decedent's death was brought about by an intentional act of the defendant. The defendant asserts that the decedent's death was accidental and that the plaintiff here has no cause of action against him arising out of the death of his wife nor any standing to maintain this action.

The defendant filed a motion to dismiss pursuant to Rule 12, or in the alternative a motion for summary judgment pursuant to rule 56, Tennessee Rules of Civil Procedure. The court sustained defendant's motion and dismissed the case. From this action, this appeal resulted.

The appellant presents the following issue for our consideration:

1. Whether the court erred in holding that Tennessee Code Annotated § 20–5–110 prevented the plaintiff from maintaining this cause of action.

The facts, relevant to the issue before the court can be generally summarized as follows: The decedent was killed on December 29, 1988. The plaintiff alleges in her complaint that the death was intentionally caused by the defendant. The defendant maintains that the death was accidental. At the hearing on the motion resulting in the dismissal of this case, the parties stipulated the following facts:

1. At the time of death of Joann House Gibson, [the decedent], she had no surviving children.
2. At the time of the death of Joann House Gibson she was married to the defendant, Dennis Franklin Gibson.
3. At the time of the death of Joann House Gibson, she left a will that has been offered for probate. The defendant was the primary beneficiary of the will with the children of the defendant named as contingent beneficiaries.
4. That the plaintiff, Effie Hagwood House, is the natural mother of Joann House Gibson.

Under this set of circumstances, the trial court was of the opinion that there were no beneficiaries for the wrongful death of a married female. For reasons hereinafter stated, we reverse the judgment of the trial court in dismissing the case on motion.

T.C.A. § 20–5–106 provides in pertinent part as follows:

**20–5–106. Injury resulting in death—Succession to cause of action.—** (a) The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death but shall pass to his surviving spouse and, in case there is no surviving spouse, to his children or his *next of kin;* or to his personal representative, for the benefit of the surviving spouse, to his children or *his next of kin;* ... (Emphasis added).

It is clear under the above statute, that, under ordinary circumstances, the surviving spouse would be the proper person to maintain the action for wrongful death. Here, however, where the death is alleged to have been the result of an intentional act on the part of the surviving spouse, we must look to the effect of T.C.A. § 31–1–106. This section provides as follows:

**31–1–106. Felonious killing—Forfeiture of inheritance.—**Any person who shall kill ... any other person from which the first named person would inherit the property, either real or personal, or any part thereof, belonging to the deceased person at the time of his death, or who would take the property, or any part thereof, by will, deed, or otherwise, at the time of the death of the deceased, shall forfeit all right therein ...

■ We are of the opinion and hold that in the event the surviving spouse is found to have intentionally caused the death of his or her spouse, T.C.A. § 31–1–106 excludes the surviving spouse as a beneficiary of a cause of action for wrongful death. Thus, since here, the spouse is excluded, we must look to the next in line under T.C.A. § 20–5–106, i.e., to the children, if any, and if none then to the next of kin. Without question, the natural mother of the decedent, under the circumstances of this case is the "next of kin." In *Sneed v. Henderson,* 211 Tenn. 572, 366 S.W.2d 758 (1963), the court stated that "in the law of descent and distribution, the term 'next of kin' properly denotes the persons nearest of kindred to the decedent, that is, those who are most nearly related to him by blood" and "in ascertaining who the next of kin is, the law follows the line of consanguinity. Such is the general rule of the common law. It is the same in this state under our general statute of distribution. It is so in every case, unless there be an express exemption." (Citing authorities).

T.C.A. § 20–5–110 provides in pertinent part as follows:

**20-5-110. Action for death of spouse.**—(a) A suit for the wrongful killing of the spouse may be brought in the name of the surviving spouse for the benefit of himself and the children of the surviving spouse, or in the name of the administrator of the deceased spouse or in the name of the next of kin of the spouse.

The trial judge was of the opinion that the provisions of this section were controlling and that "unless you have the surviving spouse or children, then there is no cause of action for the wrongful death of a married female."[1] We respectfully disagree. In our view, T.C.A. § 20-5-110 is a legislative designation of those permissibly enabled to maintain an action in their own name. Clearly the right of action belongs to those persons designated by T.C.A. § 20-5-106 and the plaintiff, qualifying as next of kin, may maintain this action.

Accordingly, we reverse the judgment of the court dismissing the action and remand the case to the trial court for further proceedings. Costs of this appeal are taxed to the appellee.

GODDARD and FRANKS, JJ., concur.

---

1. We note that the legislature has repealed T.C.A. § 20-5-109 captioned "Wrongful death of married woman—Succession to cause of action. This would seem to be indicative of the intend to the legislature to render the wrongful death statute "gender neutral."