## A02A1200. BELLUSO v. TANT.
(574 SE2d 595)

SMITH, Presiding Judge.

Nick M. Belluso, the father of decedent Rebecca Belluso Tant, filed a wrongful death action against his son-in-law, Mahlon Grady Tant. The trial court determined as a matter of law that Belluso lacked standing to bring the action. Because we find the trial court failed to consider applicable precedent authorizing the exercise of its equitable powers in favor of Belluso, we reverse.[1]

On March 21, 1999, Belluso's 43-year-old daughter died after Tant, her husband of less than a year, lost control of the Chevrolet S-10 Blazer in which she was a passenger.[2] A police investigation into the fatality indicated that Tant was driving in excess of 90 mph and had imbibed some alcoholic beverages. Tant was charged with homicide by vehicle, driving under the influence of alcohol, failure to maintain lane, and speeding, although the record does not show the final disposition of those charges. At some point, Tant obtained appointment as the personal representative of the estate of Rebecca Belluso Tant.

On February 28, 2001, Belluso filed a wrongful death action against Tant. To his complaint, Belluso attached as part of an exhibit a copy of an investigative report into the fatal collision. After transfer of the case from Cherokee County to Bartow County, Tant moved for summary judgment on the ground that Belluso lacked standing to file suit because there was a surviving spouse and because he had been appointed the personal representative of his wife's estate. The trial court reluctantly agreed. In awarding summary judgment to Tant, the trial court noted that OCGA § 19-7-1 grants a right of recovery to the decedent's parent only when the decedent leaves no surviving spouse or child and that OCGA § 51-4-5 "vest[s] the right of recovery in the administrator of the decedent's estate, the Defendant here." The trial court observed:

> [T]he situation presented by this case appears to be uncontemplated by the statutory authority, leaving the Plaintiff

---

[1] Presently, there is no case precisely on point. However, the Supreme Court of Georgia has agreed to answer three questions certified by the Eleventh Circuit Court of Appeals in the case of *Carringer v. Rodgers*, Case No. S02Q1483, that may well determine the outcome here.

[2] They married on August 22, 1998, and she was killed on March 21, 1999.

without a right or remedy. This is a compelling case. . . . However, the Court is reluctant to exercise its equitable powers to extend the scope of the Wrongful Death Act beyond its statutory purpose.[3]

Belluso appeals.

In his sole enumerated error, Belluso contends that the trial court erred in finding that he lacked standing to assert a claim for the wrongful death of his daughter. He claims that under OCGA § 19-7-1, he has a legal right to recover for the death of his child. Belluso also contends that from an equitable standpoint, Tant "should not be able to benefit from his own wrong." Belluso argues that the only way to effectuate the legislature's clear intent evinced in OCGA § 19-7-1 (c) that "there shall be some party entitled to recover the full value of the life of the child," would be "to allow a parent . . . to file an action and recover from the culpable spouse." We agree.

At common law, there is no right to file a claim for wrongful death; "the claim is entirely a statutory creation." (Footnote omitted.) *Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d 423) (1999). "[T]he wrongful death statute is 'a legislative imposition of a penalty upon the person who causes the death of another by negligence, the penalty to go to the person injured.'" *Brock v. Wedincamp*, 253 Ga. App. 275, 281 (558 SE2d 836) (2002). The Supreme Court described the legislative purpose in this way:

> The aim of these [wrongful death] statutes is *to strike at the evil of the negligent destruction of human life, by imposing liability upon those who are responsible* either directly through themselves or indirectly through their employees for homicides. It is not beyond the power of the legislature to attempt to preserve human life by making homicide expensive.

(Emphasis supplied.) *Western &c. R. Co. v. Michael*, 175 Ga. 1, 13 (165 SE 37) (1932). "By making homicide expensive," the person who causes the wrongful death of another is forced to suffer a monetary "penalty to go to the person who is authorized to sue for the negligent homicide." Id. at 14.

The wrongful death statute at issue, OCGA § 19-7-1 (c), provides:

> (1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full

---

[3] See *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373, 374 (349 SE2d 382) (1986) (Weltner, J., concurring specially), overruled, *Brown v. Liberty Oil &c. Corp.*, 261 Ga. 214 (403 SE2d 806) (1991).

value of the life of the child, either as provided in this Code section or as provided in Chapter 4 of Title 51. (2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph as follows: [order of recovery]. (3) The intent of this subsection is to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child. If, in any case, there is no right of action in a parent or parents under the above rules, the right of recovery shall be determined by Code Section 51-4-5.

In this statute, the legislature established the exact order in which persons having a specific relationship to the deceased child are vested with a right of action for the homicide of such child. See Cleary, Eldridge's Georgia Wrongful Death Actions, § 3-26 (1998). OCGA § 19-7-1 (c), as applied to these facts, would appear to give Tant, as the surviving spouse, the sole right to bring a wrongful death action. Only when there is no surviving spouse or surviving child of the decedent is the parent, or the parents of the decedent, then vested with a right of action for the wrongful death. OCGA § 19-7-1 (c) (2).

But, in enacting the Wrongful Death Act, the legislature authorized recovery for the homicide of a child and unquestionably did not intend that a wrongdoer should be able to profit from his wrongdoing. See *Michael*, supra, 175 Ga. at 13. As the surviving spouse, Tant would have to sue himself to recover for his own negligence, a legal impossibility, and a result that plainly contravenes the legislative purpose of the wrongful death statute. See id.

As Belluso urges, it is within the equitable powers of the superior court to permit the prosecution of the wrongful death action by a parent when the surviving spouse is the alleged wrongdoer. We agree and find this case is controlled by *Brown v. Liberty Oil &c. Corp.*, 261 Ga. 214 (403 SE2d 806) (1991).

In *Brown*, the Supreme Court of Georgia construed a similar statute, OCGA § 51-4-2 (a), which authorizes recovery by the surviving spouse and, if no spouse, then by the surviving child or children. But the surviving spouse in *Brown* had abandoned the children, could not be located, and was not likely to have pursued the wrongful death claim. *Brown*, supra, 261 Ga. at 214. The Supreme Court decided those facts demanded the exercise by the superior court of its equitable powers "to preserve the rights of the minor children." Id. at 216. The Supreme Court held that the trial court should have allowed the minors, who had no remedy available at law, to maintain an action for the wrongful death of their mother, despite the fact that

there was a surviving spouse who had a superior right to file the wrongful death claim. See id.

We find equally compelling reasons for the superior court to exercise its equitable powers in this case. See *Emory Univ. v. Dorsey*, 207 Ga. App. 808, 810 (429 SE2d 307) (1993). Although the law contemplates that there should be a right of recovery, it does not authorize a surviving spouse to benefit from his own wrong. On the contrary, the wrongful death statutes seek to penalize the person whose negligence caused the death of another, with the penalty to go to the person so injured. See *Brock*, supra, 253 Ga. App. at 281 (damages measured from decedent's perspective). Since the surviving spouse here is precluded from bringing the action, and the legislature expressed its intent "to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child," we hold that the cause of action belongs to Belluso as the decedent's parent. Otherwise, like the minor children in *Brown*, Belluso would have no available remedy at law, and the alleged wrongdoer would go unpenalized. For these reasons, we find that the trial court erred in declining to exercise its equitable powers to allow the decedent's parent, Belluso, the right to sue on his daughter's behalf. On remand of this case, we direct the trial court to apply the controlling authority of *Brown* in exercising its inherent equitable powers.

As a final matter, we reject Tant's argument that as the court-appointed personal representative of his wife's estate he is "the only one vested with a cause of action for such expenses [recovery of funeral, medical, and other necessary expenses resulting from the death] pursuant to OCGA § 51-4-5 (b)." When there is a right of recovery under OCGA § 19-7-1, as here, OCGA § 51-4-5 does not apply. See OCGA § 19-7-1 (c) (3).

*Judgment reversed and case remanded with direction. Eldridge and Ellington, JJ., concur.*

DECIDED NOVEMBER 19, 2002

*Flint & Connolly, John F. Connolly*, for appellant.
*Downey & Cleveland, Rodney S. Shockley*, for appellee.