IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 11, 2017 Session

## BRITTANY NOEL NELSON, ET AL. v. CHARLES W. MYRES, ET AL.

**Appeal by Permission from the Court of Appeals
Circuit Court for Sumner County
No. 2012CV567     Joe Thompson, Judge**

_____

### No. M2015-01857-SC-R11-CV

_____

The primary issue in this appeal is whether a surviving spouse maintains priority to file a wrongful death action when the decedent's child has also filed a wrongful death action in which the child alleges that the surviving spouse negligently caused the decedent's death. The trial court dismissed the daughter's wrongful death complaint, but the Court of Appeals reversed the trial court, ruling that under the circumstances presented in this case, the surviving spouse was disqualified from filing the wrongful death action. Because the wrongful death statutes do not include an exception to the spousal priority rule and because the surviving spouse did not waive his right to file the wrongful death action, we hold that the trial court properly dismissed the daughter's wrongful death action. The judgment of the Court of Appeals is reversed and the cause remanded to the trial court.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, SHARON G. LEE, and HOLLY KIRBY, JJ., joined.

Russell E. Edwards, Michael W. Edwards, and Randolph Anderson Veazey, Hendersonville, Tennessee, for the appellant, Charles W. Myres.

James Randolph Tomkins, Nashville, Tennessee, for the appellant, Adenus Group, LLC, Adenus Utilities Group, LLC, Adenus Solutions Group, LLC, and Adenus Operations, LLC.

Jon M. Cope, Knoxville, Tennessee, for the appellant, Westfield Group Insurance.

Thomas F. Mink II, Charles M. Duke, and William M. Leech III, Nashville, Tennessee, for the appellee, Brittany Noel Nelson.

Gary Marcel Kellar and Mark Christopher Scruggs, Nashville, Tennessee, for the appellee, Justin B. Bennett.

Blair Pierson Durham, Nashville, Tennessee, for the appellees, Joseph Groves and Stacy Groves.

John William Gautier, Nashville, Tennessee, for the appellee, Allstate Insurance Company.

Dennis Wade Powers, Gallatin, Tennessee, for the appellee, Tennessee Farmers Insurance Company.

## OPINION

### I. Facts

This case stems from a multivehicle accident in Sumner County on March 23, 2012. Allegedly, the vehicles driven by Charles Myres and Justin Bennett collided in a road rage incident, and both of their vehicles crossed into oncoming traffic. Mr. Myres' vehicle hit Joseph Groves' vehicle, and Mr. Bennett's vehicle struck James Berryman's vehicle. Mr. Myres' passenger, Sharon Myres, who was his wife and Brittany Noel Nelson's mother, died at the scene.

Ms. Nelson filed a wrongful death action for her mother's death, naming Mr. Myres and Mr. Bennett as defendants.[1] She later amended the action to include Mr. Myres' employer, Adenus.[2] In her complaint, Ms. Nelson alleged that Mr. Myres was under the influence of an intoxicant at the time of the accident and that his felonious actions disqualified him from bringing suit. Indeed, Mr. Myres was ultimately incarcerated for vehicular homicide.

---

[1] Joseph Groves and his spouse also filed a personal injury action. Allstate Insurance Company and Westfield Insurance Company answered the complaints as uninsured motorist carriers.

[2] For purposes of this opinion, we will use the name Adenus to refer to appellants Adenus Group, LLC, Adenus Utilities Group, LLC, Adenus Solutions Group, LLC, and Adenus Operations, LLC.

Mr. Myres also filed a wrongful death action for Mrs. Myres' death, naming only Mr. Bennett as a defendant. In his answer to Mr. Myres' complaint, Mr. Bennett alleged the comparative fault of Mr. Myres. The trial court consolidated the Nelson, Myres, and Groves complaints. Mr. Myres and Adenus moved for dismissal of Ms. Nelson's complaint, arguing that as Mrs. Myres' spouse, Mr. Myres had priority to file a wrongful death action. The trial court agreed with Mr. Myres and dismissed Ms. Nelson's complaint. In its memorandum opinion, the trial court stated that "it [was] concerned by the result that [was] occasioned by its ruling" but that it was "the court's role to apply the law."

Ms. Nelson appealed to the Court of Appeals. *See Nelson v. Myres*, No. M2015-01857-COA-R3-CV, 2017 WL 213985, at *3 (Tenn. Ct. App. Jan. 18, 2017). The Court of Appeals determined that Mr. Myres had an inherent conflict of interest because, due to his conduct in bringing about the accident, he would be both a defendant and a plaintiff in Mrs. Myres' wrongful death action. *Id.* at *5. The court reasoned that only Ms. Nelson's lawsuit would fully prosecute Mrs. Myres' cause of action, and it therefore reversed the trial court and reinstated Ms. Nelson's claim. *Id.* at *4-5. This Court granted the applications to appeal filed by Mr. Myres, Adenus, and Westfield Insurance.

## II. Standard of Review

This is an appeal from the circuit court's grant of a motion to dismiss for failure to state a claim. Our review of a dismissal for failure to state a claim under Rule 12.02 of the Tennessee Rules of Civil Procedure requires us to take the allegations in the complaint as true. *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002). This is because a motion filed under Rule 12.02(6) tests "the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). By filing their motion to dismiss, the defendants effectively "'admit[ted] the truth of all of the relevant and material allegations contained in the complaint, but . . . assert[ed] that the allegations fail to establish a cause of action.'" *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005) (quoting *Leach v. Taylor*, 124 S.W.3d 87, 90 (Tenn. 2004)). As such, courts "should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews*, 78 S.W.3d at 857. On appeal, we review the "trial court's decision to dismiss a petition for failure to state a claim . . . de novo with no presumption of correctness." *Metro. Gov't of Nashville v. Bd. of Zoning Appeals of Nashville*, 477 S.W.3d 750, 754 (Tenn. 2015) (citing *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999)).

This case requires the interpretation of the wrongful death statutes. When engaging in statutory interpretation, "well-defined precepts apply." *State v. McNack*, 356

S.W.3d 906, 908 (Tenn. 2011). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citing *State v. Sliger*, 846 S.W.2d 262, 263 (Tenn. 1993)). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language[,] and . . . enforce the language without reference to the broader statutory intent, legislative history, or other sources." *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009) (citing *Overstreet v. TRW Commercial Steering Div.,* 256 S.W.3d 626, 630 (Tenn. 2008)).

### III. Analysis

The issue in this case is whether a surviving spouse retains priority to file a wrongful death action pursuant to Tennessee Code Annotated section 20-5-106(a) when a surviving child has also filed a wrongful death action and claims that the surviving spouse negligently caused the death of the decedent. Mr. Myres argues that the statutory language giving the spouse priority to file the wrongful death action is clear and unambiguous, leaving no room for a judicially-created exception that would give the child of the decedent priority over a surviving spouse under these circumstances. Ms. Nelson maintains that Mr. Myres should be disqualified from bringing the action because of his alleged negligence in causing Mrs. Myres' death.

### A. Plain Language of the Statute

The statute at issue in this case is Tennessee Code Annotated section 20-5-106(a), which states as follows:

> (a) The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin[.]

As the parties in this case have recognized, "the decedent's surviving spouse, if there is one, has 'the prior and superior right above all others' to file the wrongful death action and control the litigation." *Beard v. Branson*, 528 S.W.3d 487, 499 (Tenn. 2017) (quoting *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991)). Tennessee courts have recognized that a surviving spouse might waive his or her right to bring a wrongful death action, *see, e.g., Foster*, 813 S.W.2d at 452, but no case has held that a

- 4 -

surviving spouse is disqualified from bringing a wrongful death action because of the surviving spouse's negligence.

Mr. Myres' position is clear: as the surviving spouse, he had the right to initiate and control the wrongful death litigation. He also maintains that the wrongful death statutes do not include an exception to this priority rule for the circumstances presented in this case, namely when the surviving spouse's alleged negligence caused the decedent's death. We agree with Mr. Myres' position. Within the wrongful death statutes, the legislature has included exceptions to the spousal priority rule for surviving spouses who abandoned the deceased spouse. Tenn. Code Ann. § 20-5-106(c). The legislature has also included a provision that parents cannot recover for the wrongful death of a child if the parent had essentially abandoned the child. *Id.* § 20-5-107(c). However, there are no other statutory exceptions recognized by this Court for determining who may institute a wrongful death action.[3]

Ms. Nelson, on the other hand, argues that there is an ambiguity in the statute *as applied* to the facts of this case and that, therefore, the intent of the legislature should override the literal statutory language. *See Bus. Brokerage Ctr. v. Dixon*, 874 S.W.2d 1, 5 (Tenn. 1994) ("[I]n the event that the intent of the Legislature conflicts with the language of the statutes, or when the language produces an absurd or incongruous result when applied in specific factual situations, the intent of the Legislature will prevail over the literal language of the statute."). She claims that in following the literal language of the statute, "the decedent will lose her cause of action against an indispensable party."[4] In support, she cites a Georgia Supreme Court case, *Carringer v. Rodgers*, 578 S.E.2d 841, 843 (Ga. 2003), in which that court ruled that the parent of the decedent was allowed to institute a wrongful death action on behalf of the decedent, even though the decedent had a surviving spouse, because the surviving spouse murdered the decedent. The *Carringer* court based its analysis on the text of the wrongful death statute alone, *id.* at 365, but the dissenting justice noted that if the court had applied the plain language of the statute, the parent of the decedent would be barred from filing the wrongful death action

---

[3] As discussed *infra*, the Court of Appeals has ruled that the Slayer Statute, Tenn. Code Ann. § 31-1-106, provides an exception to the priority rule under certain circumstances.

[4] Ms. Nelson maintains that the only way that Mrs. Myres could receive "complete justice" is if Ms. Nelson is allowed to proceed as plaintiff. Woven through Ms. Nelson's arguments is the idea that the wrongful death proceeds would be diminished or, if Mr. Myres was held 50% at fault or greater, nonexistent. However, the questions of who may institute and control the litigation and who may benefit from the wrongful death proceeds are separate and distinct. Only the former question is presented in this case because of its procedural posture as an appeal from a dismissal for failure to state a claim for which relief can be granted.

while the surviving spouse lived, *id.* at 366 (Fletcher, C.J., dissenting). Recognizing that *Carringer* is factually distinct from the case before us, Ms. Nelson urges this Court to consider a case relied upon by the *Carringer* court, *Belluso v. Tant*, 574 S.E.2d 595 (Ga. App. 2002). The *Belluso* court ruled that the decedent's father could file a wrongful death action for his daughter, who was killed in a vehicle accident when her husband lost control of their vehicle. *Id.* at 596. Her husband was charged with homicide by vehicle. *Id.* The appellate court concluded that the court could exercise its equitable power to allow the decedent's father to institute the wrongful death action, despite the decedent having a surviving spouse, based on the principle that a wrongdoer should not benefit from his wrongdoing. *Id.* at 598.

We are not persuaded by Ms. Nelson's argument that the statutory language produces an absurd result or is contrary to the intent of the legislature as applied to this case. Initially, we note that the Georgia cases are not helpful to our analysis because "Tennessee's wrongful death statutory scheme is *sui generis*, unlike the wrongful death statutory framework in any other state." *Beard*, 528 S.W.3d at 505. The statutory language describing who may institute a wrongful death action is clear, and the legislature did not include an exception for when the death of a spouse is caused by the *negligence* of the surviving spouse. *See* Tenn. Code Ann. § 20-5-107 ("The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin[.]"). As noted earlier in this opinion, the wrongful death statutes include an exception to the general spousal priority rule when the surviving spouse has abandoned the deceased spouse. Tenn. Code Ann. § 20-5-106(c); -107(e). Another exception arguably exists for a spouse who intentionally killed the decedent.[5] The Court of Appeals has ruled that the "Slayer Statute," Tenn. Code Ann. § 31-1-106 (1976), would prevent a surviving spouse who *intentionally* caused the death of the decedent from instituting a wrongful death action. *House v. Gibson*, 827 S.W.2d 310, 312 (Tenn. Ct. App. 1991). Section 31-1-106, prior to the 2017 amendments, had been limited by this Court to intentional killings, *see Moore v. State Farm Life Ins. Co.*, 878 S.W.2d 946, 947-48 (Tenn. 1994) (holding that husband's guilty plea to vehicular homicide when his wife was the victim did not result in his forfeiture of his right to receive insurance proceeds from his wife's policy), and the 2017 amendments made it clear that the legislature also intended for the statute to be limited to intentional killings by revising the language from "any person who shall kill" to "[a]n individual who feloniously and intentionally kills," Tenn. Code Ann. § 30-1-106 (2017). This Court

---

[5] Ms. Nelson has not argued for application of the Slayer Statute; however, Defendant Westfield raised the issue in its argument that a negligent killing is not sufficient to disqualify Mr. Myres from instituting this action.

explained in *Moore* that "[t]he requirement of intent, rather than a certain degree of criminal culpability, is supportive of the purpose of [section 31-1-106], which is to remove the temptation to kill for monetary gain." *Moore*, 878 S.W.2d at 948. Application of the Slayer Statute as it existed at the time of Mrs. Myres' death to prevent Mr. Myres' from instituting this action would be an expansion of its meaning beyond the legislature's intent. The legislative intent is to prevent individuals from *intentionally* killing their spouses for monetary gain; therefore, it is not against the legislative intent to hold that a spouse's negligent killing of a spouse does not prevent the surviving spouse from instituting a wrongful death action. Accordingly, we conclude that the plain language of the wrongful death statutes does not provide an exception to the spousal priority rule for a surviving spouse's negligent killing of a decedent.

## B. Doctrine of Waiver

Ms. Nelson next asserts the doctrine of waiver, arguing that Mr. Myres' failure to sue two out of three "indispensable" parties, namely himself and his employer, constituted waiver of his right to bring a wrongful death action. Ms. Nelson points to *Bell v. Nolan*, an unreported Court of Appeals case, to show that waiver does not have to be explicit but may be implied. *Bell*, No. M2000-02684-COA-R3-CV, 2001 WL 1077956, at *6 (Tenn. Ct. App. Sept. 14, 2001). In *Bell*, the Court of Appeals concluded that the decedent's parents could institute a wrongful death action despite the decedent having a surviving spouse because the spouse never filed a wrongful death action. *Id.* Recognizing that the *Bell* case is easily distinguishable from this case, Ms. Nelson extrapolates from its conclusion to claim that Mr. Myres' "failure to sue two indispensable parties" constituted waiver. Ms. Nelson also cites dicta from this Court's opinion in *Kline v. Eyrich* as authority for the proposition that a lack of diligence by a surviving spouse would give the children of a decedent a right to have their own representation in their parent's wrongful death action. *See Kline v. Eyrich*, 69 S.W.3d 197, 207 (Tenn. 2002) ("Therefore, absent proof of bad faith or lack of diligence in representing their interests, *see Busby* [*v. Massey*], 686 S.W.2d [60,] 63 [(Tenn. 1984)], the children of a decedent simply have no right to representation under these circumstances except through the surviving spouse.").

The *Busby* case cited by the *Kline* court concerned the priority of the personal representative of a minor to control the wrongful death action over and above the guardian or next friend of the minor. *Busby*, 686 S.W.2d at 62-63. The *Kline* case itself concerned whether the surviving spouse's attorney should receive attorney's fees from the children's portion of the wrongful death proceeds, and in the course of the Court's discussion, the Court reiterated that the surviving spouse not only has the priority to file the wrongful death action but also has the right to control the litigation. *Kline*, 69 S.W.3d at 207. "[O]nce the surviving spouse has asserted his or her right or priority, the statutes

give to the surviving spouse complete 'control over the right of action until he or she waives that right.'" *Id.* (quoting *Estate of Baker ex rel. Baker v. Maples*, 995 S.W.2d 114, 115 (Tenn. Ct. App. 1999)). Another case from this Court demonstrates that even a seemingly bad decision by a surviving spouse is binding on the children:

> [The surviving spouse] is not required by law to give any bond, and it is thus perceived that the children's rights may not only be imperiled through her pressing need of money, her want of business judgment, the cajolement of a second husband, eager to obtain possession of the money, or the overpersuasion of ill-advised or interested friends, but likewise by her insolvency, and consequent inability to make good any losses sustained by the children through her improvidence or extravagance. The remedy, however, is with the Legislature, not the courts.

*Spitzer v. Knoxville Iron Co.*, 180 S.W. 163, 164 (Tenn. 1915). The legislature has yet to provide a remedy for such a situation.

In the instant case, Mr. Myres asserted his priority to institute the litigation, and he thereby had the right to control the litigation. Because he had the right to control the litigation, his decision regarding whom he should sue was within his purview and cannot be considered lack of diligence or waiver. Holding that he waived his right to file the wrongful death action despite actually filing a complaint would be an unwarranted expansion of the doctrine of waiver.

Ms. Nelson asserts, and the Court of Appeals agreed, that Mr. Myres' supposed conflict of interest[6] disqualified him from filing the action. Ms. Nelson ties this argument into her claim that Mr. Myres waived his right to bring this action, but the Court of Appeals did not make it clear whether its decision was a matter of waiver. The Court of Appeals wrote,

> Under the circumstances presented, Mr. Myres has an inherent conflict: his conduct is part of the cause of action for her wrongful death, but his complaint does not name him as a defendant nor include the allegation that he is a wrongdoer and bears responsibility for the death of Sharon Myres.

---

[6] Ms. Nelson also argues that Mr. Myres' counsel has a conflict of interest because, she claims, there is a significant risk that representation of Mr. Myres would be materially limited by his counsel's responsibility to her as a third person entitled to a share of the proceeds resulting from any possible recovery. *See* Tenn. Sup. Ct. R. 8, RPC 1.7(a). This argument is rooted in the idea that Mr. Myres' counsel has a duty to protect Ms. Nelson's interest in the wrongful death proceeds. As stated in footnote 3, however, the proceeds issue is not properly before this Court.

*Nelson*, 2017 WL 213985, at *5.  Ms. Nelson argues that it is an absurdity for Mr. Myres to be both a defendant and a plaintiff, as he supposedly would be under the facts of this case.  However, under our system of comparative fault, plaintiffs are often in a position of having to defend their own actions, and that is certainly the situation here, as Mr. Bennett asserted Mr. Myres' comparative fault in his answers to Ms. Nelson and Mr. Myres' complaints.  His is not an "inconsistent and impossible position," as the Court of Appeals wrote, *id.* at *4, but rather his is a position similar to a parent bringing a wrongful death action for the death of a child when a defendant alleges that the parent is comparatively negligent.  *See, e.g., Russell v. Anderson County*, No. E2010-00189-COA-R3-CV, 2011 WL 486900, at *3 (Tenn. Ct. App. Feb. 11, 2011).

The statute is clear that the surviving spouse has the priority to file a wrongful death action, and the legislature has not included an exception for a circumstance like the case *sub judice*, where allegedly a surviving spouse's negligence caused the death of the decedent.  Therefore, the trial court correctly dismissed Ms. Nelson's lawsuit for failure to state a claim in light of Mr. Myres' priority to file the wrongful death action.  The Court of Appeals is reversed, and the case is remanded to the trial court for further proceedings.

## CONCLUSION

In conclusion, we hold that the wrongful death statutes do not contain an exception to the rule that surviving spouses have the priority to institute a wrongful death action when a spouse's alleged negligence caused the decedent's death, and we further hold that the surviving spouse in this case did not waive his right to file the wrongful death action under the circumstances of this case.  Accordingly, the decision of the Court of Appeals is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.  Costs on appeal are to be taxed to the appellee, Brittany Noel Nelson.

_____
ROGER A. PAGE, JUSTICE