IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 15, 2019 Session

## WASHINGTON COUNTY EDUCATION ASSOCIATION ET AL. v. WASHINGTON COUNTY BOARD OF EDUCATION ET AL.

**Appeal from the Chancery Court for Washington County**
**No. 17-CV-0428      John C. Rambo, Chancellor**

———————————————————

### No. E2018-01037-COA-R3-CV

———————————————————

Kimber Halliburton, the director of the Washington County Board of Education, notified Stacia Howard, a non-tenured teacher, that her employment contract would not be renewed. The Washington County board did not review the director's decision because the board's attorney believed that the board lacked the legal authority to do so. Ms. Howard and the Washington County Education Association (WCEA) filed a complaint against the board and the director. Plaintiffs sought a declaratory judgment regarding the authority of the board to review and modify the director's personnel decisions, including the director's decision to non-renew Ms. Howard's contract. Defendants filed a motion to dismiss, arguing that plaintiffs lacked standing. The trial court granted the defendants' motion. Plaintiffs appeal. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and THOMAS R. FRIERSON, II, JJ., joined.

Richard L. Colbert and C. Joseph Hubbard, Nashville, Tennessee, for the appellants, Washington County Education Association and Stacia Howard.

Samuel K. McPeak, Johnson City, Tennessee, for the appellee, Washington County Board of Education.

Jeffrey M. Ward, Greeneville, Tennessee, for the appellee, Kimber Halliburton.

**OPINION**

**I.**

In reviewing the trial court's dismissal of this case pursuant to the provisions of Tenn. R. Civ. P. 12.02(6), this Court is required to take the allegations in plaintiffs' complaint as true. *Nelson v. Myres*, 545 S.W.3d 428, 430 (Tenn. 2018) (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)).

Ms. Howard worked as a music teacher at Gray Elementary School for five consecutive school years. Each year, she received positive evaluations. Despite these positive evaluations, the director notified Ms. Howard that her employment contract would not be renewed for the 2017-18 school year. The board did not provide written notice to Ms. Howard of the specific reasons for her non-renewal, as permitted (but not required) by Tenn. Code Ann. § 49-2-203(b)(8) (2016). As a result, Ms. Howard never had the opportunity to request a hearing pursuant to that statutory provision. *See id.* ("[A]ny teacher so notified shall be given, upon request, a hearing to determine the validity of the reasons given for failure of reelection [.]"). Ms. Howard would have been eligible for tenure if her contract had been renewed.

On June 1, 2017, the board met in regular session. Ms. Howard and various other individuals attended the public meeting for the purpose of expressing concern about some of the director's personnel decisions. Before receiving public comments, members of the board met privately for approximately thirty minutes. When the public meeting began, the board's attorney, Tom Seeley, instructed the board that the personnel decisions made by the director were final. Plaintiffs allege that Mr. Seeley's advice led the board to believe that it "had no power or authority to review, overrule, or otherwise modify or change the personnel decisions of Director Halliburton." Plaintiffs also allege that if Mr. Seeley had not advised the board as he did, "the Board of Education would have reviewed and reconsidered the decision by Director Halliburton to non-renew the Plaintiff Howard's employment."

Plaintiffs filed a complaint seeking a declaratory judgment regarding the authority of the board to review and modify the director's personnel decisions, including the director's decision to non-renew Ms. Howard's contract. Defendants filed a motion to dismiss, arguing that plaintiffs lacked standing. The trial court granted defendants' motion. Plaintiffs timely appealed.

**II.**

Plaintiffs raise the following two issues:

- 2 -

Does a teacher who is the subject of a personnel decision made by a director of schools pursuant to Tenn. Code Ann. § 49-2-301(b)(1)(EE) have standing to seek a declaratory judgment regarding the board of education's power to review that personnel decision?

Does a professional employees' organization whose members are affected by personnel decisions made by a director of schools pursuant to Tenn. Code Ann. § 49-2-301(b)(1)(EE) have standing to seek a declaratory judgment regarding the board of education's power to review those decisions?

The following issue was also briefed and argued by the parties, although plaintiffs failed to raise it in their brief's statement of the issues:

[i]n the interest of judicial economy, [and] because this action presents a question of law, this Court should declare that the Board of Education has the power and authority to review the Director's personnel decisions generally and the Director's non-renewal of Howard in particular, rather than remanding for such a declaration by the Chancellor.

**III.**

As previously noted, the trial court granted defendants' motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). We review the court's decision de novo with no presumption of correctness. *Nelson v. Myres*, 545 S.W.3d 428, 431 (Tenn. 2018) (quoting *Metro. Gov't of Nashville v. Bd. of Zoning Appeals of Nashville*, 477 S.W.3d 750, 754 (Tenn. 2015)). "A motion filed under Rule 12.02(6) tests 'the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence.' " *Id.* at 430 (Tenn. 2018) (quoting *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). Accordingly, "courts 'should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.' " *Id.* at 431 (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)).

**IV.**

**A.**

We begin by considering whether the trial court erred when it determined that Ms. Howard lacked standing. As an initial matter, we reject plaintiffs' argument that the Declaratory Judgments Act, codified at Tenn. Code Ann. §§ 29-14-101 et seq. (2012),

independently confers standing on Ms. Howard. "[I]n order to maintain an action for a declaratory judgment a justiciable controversy must exist." *West v. Schofield*, 460 S.W.3d 113, 130 (Tenn. 2015) (quoting *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000)). Consequently, "[t]he justiciability doctrines of standing, ripeness, mootness, and political question continue as viable defenses [to declaratory judgment actions]." *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008).

The justiciability doctrine at issue in this case is the doctrine of standing. "Our jurisprudence recognizes two categories of standing that govern who may bring a civil cause of action: non-constitutional standing and constitutional standing." *City of Memphis v. Hargett*, 414 S.W.3d 88, 98 (Tenn. 2013). "Constitutional standing, the issue in this case, is one of the 'irreducible . . . minimum' requirements that a party must meet in order to present a justiciable controversy." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In order to establish constitutional standing, a plaintiff must satisfy the following "three 'indispensable' elements":

> First, a party must show an injury that is "distinct and palpable"; injuries that are conjectural, hypothetical, or predicated upon an interest that a litigant shares in common with the general citizenry are insufficient in this regard. Second, a party must demonstrate a causal connection between the alleged injury and the challenged conduct. While the causation element is not onerous, it does require a showing that the injury to a plaintiff is "fairly traceable" to the conduct of the adverse party. The third and final element is that the injury must be capable of being redressed by a favorable decision of the court.

*Id.* (citations omitted).

Here, the parties dispute whether Ms. Howard suffered "an injury that is 'distinct and palpable.' " *Id.* Plaintiffs argue that Ms. Howard's injury was the "loss of the opportunity to have her termination reviewed and reconsidered by the Board, a reconsideration the Board otherwise would have undertaken." Defendants argue, and the trial court ruled, that if anyone suffered an injury from Mr. Seeley's allegedly inaccurate legal advice, it was the board, not Ms. Howard.

"The sort of distinct and palpable injury that will create standing must be an injury to *a recognized legal right or interest*." *McFarland v. Pemberton*, 530 S.W.3d 76, 105-06 (Tenn. 2017) (emphasis added) (quoting *Metro. Gov't of Nashville v. The Bd. of*

***Zoning Appeals of Nashville***, 477 S.W.3d 750, 755 (Tenn. 2015)). [1]  Under Tennessee law,

> [t]eachers in service and under control of the public elementary and high schools of this state shall continue in such service until they have received written notice from their board of education or director of schools, as appropriate, of their dismissal or failure of reelection.

Tenn. Code Ann. § 49-5-409(a) (2016).  This written notice "must be received within five (5) business days following the last instructional day for the school year to be applicable to the next succeeding school year[.]"  *Id.* at § 49-5-409(b).  This Court has previously noted that

> a non-tenured teacher may be dismissed without cause by written notice that the teacher has not been re-elected to teach the next school year, as long as the notice complies with the time limits set in Tenn. Code Ann. § 49-[5]-409.  ***Snell v. Brothers***, 527 S.W.2d at 116; ***Malone v. Shelby Co. Bd. of Educ.***, 773 S.W.2d 256, 259 (Tenn. Ct. App. 1989).

***Cannon Co. Bd. of Educ. v. Wade***, No. M2006-02001-COA-R3-CV, 2008 WL 3069466, at *10 (Tenn. Ct. App., filed July 31, 2008), *perm. app. denied* (Tenn. 2009) (footnote omitted).

Tenn. Code Ann. § 49-2-203(b) is the only statutory provision that affirmatively gives legal rights to non-tenured teachers whose employment contracts are not renewed.  That statute provides as follows:

> The local board of education has the power to:

> \*       \*       \*

---

[1] Technically, "a plaintiff in a declaratory judgment action need not show a present injury, [but] an actual 'case' or 'controversy' is still required." ***Colonial Pipeline Co.***, 263 S.W.3d at 837-38 (citing ***Cardinal Chem. Co. v. Morton Int'l***, 508 U.S. 83, 95 (1993)). "For a controversy to be justiciable . . . a legally protectable interest must be at stake." ***West***, 460 S.W.3d at 130 (quoting ***Brown & Williamson Tobacco Corp.***, 18 S.W.3d at 193). Regardless of how one chooses to characterize the issue, the critical question is whether Ms. Howard had *a legal right* to "the opportunity to have her termination reviewed and reconsidered by the Board, a reconsideration the Board otherwise would have undertaken."

(8) Provide written notice to probationary teachers of specific reasons for failure of reelection pursuant to this title; provided, that *any teacher so notified shall be given, upon request, a hearing to determine the validity of the reasons given for failure of reelection*[.]

Tenn. Code Ann. § 49-2-203(b)(8) (emphasis added). [2]

In the present case, the board did not exercise its discretionary power to "[p]rovide written notice to [Ms. Howard] of specific reasons for failure of reelection." Tenn. Code Ann. § 49-2-203(b)(8). Accordingly, Ms. Howard never had the opportunity to request a hearing pursuant to that statutory provision. Nevertheless, plaintiffs insist that the board had the *inherent* authority to review the director's non-renewal decision, even though the board did not follow the procedures identified in Tenn. Code Ann. § 49-2-203(b)(8). Because the board did not exercise this inherent authority, plaintiffs argue that Ms. Howard was deprived of "the opportunity to have her termination reviewed and reconsidered by the Board, a reconsideration the Board otherwise would have undertaken."

We confronted a similar situation in *Parker v. Lowery*, Nos. E2012–00547–COA–R3–CV, E2012–00565–COA–R3–CV, 2013 WL 1798958 (Tenn. Ct. App., filed Apr. 26, 2013). In *Parker*, the director of Monroe County Schools notified a non-tenured teacher that her employment contract would not be renewed. *Id.* at *1. The teacher and one member of the Monroe County Board of Education filed suit against the director and the board of education. *Id.* The plaintiffs argued that the director's notice of non-renewal was defective for two reasons. *Id.* at *1-2. First, the plaintiffs argued that the director violated board policy by failing to notify the board of the director's non-renewal decision prior to sending the notice of non-renewal. *Id.* Second, the plaintiffs argued that the notice was defective because it did not contain "a statement of prior authorization by a majority vote of the membership of the board," as required by a prior version of Tenn. Code Ann. § 49-5-409.[3] *Id.* at *2. Ultimately, the trial court ruled that both plaintiffs lacked standing. This Court affirmed:

> Despite specific provisions providing a procedure in which to recommend and elect teachers for tenure, Teacher had no right of judicial review regarding the non-renewal of her

---

[2] Plaintiffs suggest that this provision is "the product of a legislative oversight," because under prior versions of the statute, it was the responsibility of the board – not the director – to notify a non-tenured teacher if the teacher's contract was not going to be renewed. We express no opinion on plaintiffs' theory because it has no bearing on the disposition of this case.

[3] The General Assembly deleted this provision. 2011 Pub. Acts, c. 255, § 1, eff. May 23, 2011.

> contract and her corresponding failure to receive tenure because she was a probationary employee. *See Cannon Cnty. Bd. of Educ. v. Wade*, No. M2006–02001–COA–R3–CV, 2008 WL 3069466, at *10 (Tenn. Ct. App. July 31, 2008), *perm. app. denied* (Tenn. Feb. 17., 2009) ("[A] non-tenured teacher whose employment is not renewed, i.e., who is not reelected to a teaching position during his or her probation period, has no right to judicial review of the local school administrators' decision not to renew employment."). *Nevertheless, Appellants assert that they were injured by Director's actions and the Board's inaction because Teacher was deprived of a hearing before the Board and because Board Member was deprived of the opportunity to review Director's decisions concerning Teacher. These claims implicate injuries suffered by the Board, not Teacher or Board Member.*

*Id.* at *5 (emphasis added). Later, the Court reiterated that the "Teacher and Board Member . . . did not suffer a personal injury or loss as a result of Director's actions or the Board's inaction." *Id.* at *6.

Plaintiffs attempt to distinguish *Parker* by emphasizing that the teacher in *Parker* was seeking judicial review of the director's non-renewal decision, whereas Ms. Howard and WCEA are seeking a declaratory judgment regarding the legal relationship between the board and the director. In our view, that distinction is not outcome-determinative. Although plaintiffs in the present case are seeking a different form of relief (i.e., a declaratory judgment), they are making the same argument with respect to Ms. Howard's standing to sue. Plaintiffs, like the teacher in *Parker*, argue that Ms. Howard's was injured because she "was deprived of a hearing before the Board" or, more precisely, because she was deprived of the "opportunity" for a hearing before the board.

Consistent with our holding in *Parker*, we hold that even if the board had inherent authority to review the director's decision, plaintiffs' claims "implicate injuries suffered by the Board, not [the] Teacher[.]" *Id.* at *6. The board did not exercise its discretionary power to provide written notice pursuant to Tenn. Code Ann. § 49-2-203(b)(8). No other statute provides non-tenured teachers the right to a hearing or the "opportunity" for a hearing when their contracts are not renewed. We recognize that "a legal right or interest" does not necessarily have to "be created or defined by statute." *Metro. Gov't of Nashville*, 477 S.W.3d at 755 (quoting *State v. Harrison*, 270 S.W.3d 21, 27–28 (Tenn. 2008)). However, plaintiffs have failed to identify a single legal authority in support of their position that non-tenured teachers have a right to a hearing or the "opportunity" for a hearing under the circumstances presented in this case. Conclusory assertions are not enough. Accordingly, the trial court properly concluded that Ms. Howard lacked

standing and failed to establish the existence of justiciable controversy.

## B.

Next, we consider whether the trial court erred when it determined that WCEA lacked standing. In the trial court, plaintiffs argued that WCEA had standing to bring this declaratory judgment action under the doctrine of "organizational standing," also known as "associational standing." The Supreme Court has adopted the following test for determining the availability of associational standing:

> To establish standing, an association . . . must show that: (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit.

*American Civil Liberties Union of Tennessee v. Darnell*, 195 S.W.3d 612, 626 (Tenn. 2006) (citing *Citizens for Collierville, Inc. v. Town of Collierville*, 977 S.W.2d 321, 323 (Tenn. Ct. App. 1998), *perm. app. denied* (Tenn. Sept. 14, 1998); *Curve Elementary Sch. Parent & Teacher's Org. v. Lauderdale Co. Sch. Bd.*, 608 S.W.2d 855, 858 (Tenn. Ct. App. 1980), *perm. app. denied* (Tenn. June 30, 1980) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977))). Here, plaintiffs have failed to show that WCEA's "members would otherwise have standing to sue in their own right." *See supra* Part IV.A. Accordingly, the trial court correctly determined that WCEA lacks associational standing.

In their brief, plaintiffs argue that WCEA also has standing pursuant to the Professional Educators Collaborative Conferencing Act (PECCA), which provides that "[p]rofessional employees have the right to . . . be assisted by organizations . . . and to engage in other concerted activities for the purpose of other mutual aid and benefit[.]" Tenn. Code Ann. § 49-5-603 (2016). According to plaintiffs, "[t]he act of seeking a declaratory judgment regarding important employment-related rights of professional employees is a concerted activity [within the meaning of the PECCA]." This argument was raised for the first time on appeal. It is therefore waived. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (citations omitted) ("One cardinal principle of appellate practice is that a party who fails to raise an issue in the trial court waives its right to raise that issue on appeal.").

## V.

For the reasons discussed above, we conclude that the trial court properly granted defendants' motion to dismiss for lack of standing. We express no opinion on the merits

of plaintiffs' declaratory judgment action. The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellants, Washington County Education Association and Stacia Howard. This case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE